MINTURN (UNITED STATES v.). See Case No. 15,783.

MIRANDA, The (FOSTER v.). See Case No. 4,977.

---

## Case No. 9,647a.

### MIRICK v. HEMPHILL.

[Hempst. 179.] [1]

Superior Court, Territory of Arkansas. July, 1832.

NEW TRIAL—IMMATERIAL ERROR—DETINUE—RECOVERY—VALUE—HOW INSTRUCTIONS UNDERSTOOD BY JURY.

1. Although the court may err in instructions to the jury, yet if it is apparent that justice has been done, a new trial should not be granted.

2. In detinue, the value of the article sued for is a secondary object, and even if excessive, as assessed by the jury, it is doubtful if a party can complain of it, as he may discharge the judgment by the restoration of the property.

3. Affidavits of jurors cannot be received, to show how the instructions of the court were understood.

Appeal from Hempstead circuit court.

[This was an action of detinue by Ephraim Mirick against Andrew Hemphill.]

Before ESKRIDGE and CROSS, JJ.

OPINION OF THE COURT. This case comes up, by appeal, from the Hempstead circuit court. The plaintiff brought an action of detinue to recover an obligation on Soher, Goodman & Co., for the proceeds of fourteen bales of cotton, to be received of John Bradley, and obtained a judgment for the same, if to be had, if not, the value thereof, estimated by the jury at four hundred and eighteen dollars and six cents, together with the costs of suit. The defendant afterwards moved the court for a new trial, which motion was overruled, and he excepted, setting out the evidence on the part of the plaintiff, and the instructions given to the jury.

Three grounds are relied upon for the reversal of the judgment. 1st, that the court

instructed the jury contrary to law; 2d, that the defendant held the obligation as bailee, and no demand was proven to have been made previous to the institution of the suit; and 3d, that the court refused to hear, on the motion for a new trial, the affidavits of several of the jurors, setting forth their understanding of the instructions which influenced their verdict.

The instructions, to which the first objection relates, were in substance, that if the jury found for the plaintiff, they ought to find for him the obligation, if to be had; if not the value thereof, and the criterion in ascertaining it, would be the value of fourteen bales of cotton in New Orleans, at the time specified in the sale bill of Soher, Goodman & Co., set out in the bill of exceptions, and that in estimating the fourteen bales of cotton, all the evidence ought to be taken into consideration. The sale bill referred to, is an account of the sale of fourteen bales of cotton, for A. Hemphill, received of John Bradley, by Soher, Goodman & Co., in New Orleans, in May, 1830, amounting to the sum of four hundred and eighteen dollars and six cents, after deducting all charges for freight, storage, and expenses. If these instructions are objectionable, it is only in that portion which relates to the criterion by which the jury was directed to be governed, in finding the value of the obligation. It was, doubtless, going too far, on the part of the court, to instruct that the criterion in estimating the value of the obligation, would be the value of the fourteen bales, sold in New Orleans, by Soher, Goodman & Co., there being no evidence showing that the cotton mentioned in the obligation was required to be sold there, or that it was actually sold at that place. It is very apparent that no injustice was done the defendant in consequence of it, as the testimony set out in the bill of exceptions, shows conclusively that the jury was fully warranted in assuming the criterion to which they were referred by the court. The defendant, therefore, having sustained no injury on account of the instructions objected to, the court rightfully overruled the motion for a new trial, so far as predicated upon misdirection to the jury. There is another view of the first ground relied upon by the defendant for the reversal of the judgment, that we think, deserves consideration. The action is detinue, and although it was the duty of the jury to assess the value of the obligation, that value is a secondary object, and not recoverable, but upon the contingency of the obligation not being restored. Whatever, then, may have been the value of the obligation, assessed by the jury, the defendant can discharge it by its restoration. See the case of Thompson v. Porter, 4 Bibb, 72. He is not by the finding of an improper or excessive value, inevitably subjected to injury. He might restore the obligation. The second ground, namely, that a special request was necessary before the institution of the suit, if tenable

---

[1] [Reported by Samuel H. Hempstead, Esq.]

at all, is fully met by the testimony, as a demand is proven to have been made.

The third, and last, which relates to the refusal of the court to hear the affidavits of several of the jurors as to their understanding of the instructions, is not tenable. 2 Tidd, Prac. 817; 5 Burrows, 2667. We are of opinion, therefore, that the circuit court properly refused a new trial. Judgment affirmed.