CRUM v. BOSS ET AL.

1. **Former Adjudication: PROMISSORY NOTE.** C. commenced an action, aided by attachment, upon an account and note, and asked that, if the attached property sold for more than enough to satisfy the claim in controversy, the balance be held, to apply upon another note of defendant held by him. The defendant admitted the execution of the notes, and claimed damages for the wrongful suing out of the attachment. There was a trial, and judgment for defendant: *Held*, in a subsequent action upon the second note, that the note was not in issue, and did not constitute a cause of action in the former suit.

2. ———: **EVIDENCE.** Under an issue of former adjudication, evidence is not admissible to show what action was taken by the jury, or what matters were considered by them.

*Appeal from Johnson Circuit Court.*

TUESDAY, JUNE 4.

ACTION on a promissory note executed in consideration of the sale of a "harvester," a lien on which was reserved or stipulated in the note. The defense pleaded was a former adjudication. A demurrer thereto having been sustained, the defendants appeal.

*Fairall, Bonorden & Ranck,* for appellants.

*Remley & Swisher,* for appellees.

SEEVERS, J.—In 1874 the plaintiff brought an action against one of the defendants—but, for the purposes of this case, it

1. FORMER AD-
JUDICATION:
promissory
note.
will be conceded to have been against both—on a note for eighty-eight dollars, an account for one hundred dollars and fifty-two cents, and on a note in all respects identical with the one now sued on except that it was due in September, 1874, while the note now in controversy was not due until September, 1875. An attachment was issued and judgment asked for three hundred and forty-three dollars and seventy-two cents, being, without serious doubt, the amount of the notes and account sued on, and interest, excluding the note sued on in this action. The petition in the former action then proceeded as follows: "Plaintiff further states that he is the owner of another note in all respects the same as the one last above set forth, except that the same is not due until September 1, 1875; that said notes were given for a 'Haynes Illinois Harvester,' and plaintiff is entitled to a lien on said harvester for the amount thereof. Plaintiff further asks that the said harvester be sold under special execution, to satisfy the amount due on said note given therefor, on which judgment is asked; that any surplus of such sale, after satisfying amount of such first note, be held to apply on the other note given therefor, when the same shall become due."

The defendants in that action admitted in the answer the execution of the notes and indebtedness sued on, and set up as a counter-claim an indebtedness due them by the plaintiff on an account, and sought to recover damages for the willful and malicious suing out of the attachment. To the answer there was a reply denying all the allegations thereof. There was a trial on the issues thus formed, and a verdict and judgment for the defendants. At the time of such trial the note sued on in this action had become due.

The answer herein alleges "that in and among the several causes of action in said petition (in the former action) contained was the note sued on in this action, and such reference was had thereto in said petition * * * that issue was

joined on the said several supposed causes of action, counter-claims, and replies thereto."

The demurrer only admitted the facts well pleaded, but it did not admit conclusions based on the facts. The statement in the answer that the note sued on constituted a cause of action in the former suit is of the latter character. The pleadings in that action being made a part of the answer, we have the right to look into them, which being done, we readily arrive at the conclusion that said note was not in issue, and did not constitute a cause of action in the former suit. It is true its execution was admitted, and no defense was pleaded thereto, but the only relief asked was that the court should make an order directing that any surplus arising from the sale of the machine should be applied toward its payment.

The defendants did not see proper to contest the right of the plaintiff to such relief, by motion or otherwise, nor were they bound to take that course, as it was competent for them to object to the relief asked at any time after verdict and before judgment. It is unnecessary to determine whether the plaintiff was, or could have been, entitled to such an order. The attachment, as we understand, only issued for the claims due. Therefore the allegations in the petition, in reference to the note sued on in this action, must be regarded as surplusage. It is not claimed this case comes within the provisions of sections 2956, 2957, 2958 of the Code.

It is further alleged in the answer "that said cause (the former action) was submitted to the jury, and the said note 2. ———: evidence. in this action sued on was * * offered in evidence both as a cause of action and ground of recovery, and to reduce or defeat defendants' counter-claim thereon; that the jury, in the determination of the question of indebtness, * * considered the note sued on in this action, and in arriving at their verdict charged Boss with the full amount thereof, and allowed Crum the full amount of said note."

A judgment is only conclusive on the matters which are directly in issue, and not those which are brought incidentally into a controversy during a trial. 1 Greenleaf's Evidence, § 528. Ordinarily, the pleadings in a case constitute, make, define and limit the matters in issue. *Allen v. Newberry*, 8 Iowa, 65.

If, under the pleadings in the former action, the plaintiff could not obtain judgment on the note if introduced in evidence, and the proof entitled him thereto, it would seem necessarily to follow that no judgment could be rendered which would bar his right of action thereafter. It is wholly immaterial what the jury did, whether they allowed, disallowed, or considered the note in arriving at their verdict.

The only question is, did the note sued on constitute an issue in the former action. If the rule be established that the action taken by a jury determines what has been adjudicated, much uncertainty must prevail. Their action, whether right or wrong, can have no effect on the question presented.

Under forms of pleading that existed previous to the adoption of the Code of 1851 there was a general issue under which evidence could be introduced. It was always competent for the parties, under an issue of former adjudication, to prove by parol the matters evidence had been introduced to prove which were properly before the court under the general issue, and the judgment rendered was conclusive as to such matters. *Gardner v. Buckbee*, 3 Cow., 120. Where the matters in issue are involved in uncertainty by the pleadings, parol evidence is admissible as to the identity of such matters. *Stapleton v. King*, 40 Iowa, 278. But the rule never has been extended to the introduction of evidence showing the action taken by the jury, or what matters were considered by them. To do so might tend to the contradiction of the record, and this is inadmissible. If the effect sought by appellants is given to the introduction of the note as evidence, and the action of the jury alleged to have been had in reference thereto, the result would be the establishment of an issue

not shown by the pleadings, and, if not directly contradic-
tory, would be an addition thereto by parol evidence. We
do not believe this to be permissible.

AFFIRMED.