Ice *v.* The State, *ex rel.* Ray.

No. 14,304.

## ICE *v.* THE STATE, EX REL. RAY.

BASTARDY.—*Dismissal of Suit.*—*Misrepresentation.*—*Collusion.*—*Pleading.*—
*Reply.*—*Sufficiency of.*—Proceedings in bastardy were instituted before a
justice of the peace, and the warrant for the arrest of the defendant
having been returned "not found," the cause was heard in his absence
and certified to the circuit court. In the circuit court the defendant,
having been arrested, appeared and answered, setting up as a defence to
the prosecution that after this cause had been certified to the circuit
court the relatrix had instituted proceedings against him before another
justice of the peace, charging him with being the father of the same
bastard child, in which latter proceeding the relatrix had filed an ad-
mission that suitable provision for the maintenance of the child had
been made, and that by leave of court the cause was dismissed. The
facts alleged by the relatrix in reply showed that the defendant, his
father, his attorney, and the justice before whom the pretended judg-
ment was rendered, acting for the defendant with the fraudulent pur-
pose of defeating the action, deceived and misled the relatrix, an ig-
norant, weak-minded child, and without the knowledge of the prosecut-
ing attorney, induced the relatrix to institute another prosecution, and
by further misrepresentations and deceit procured her to acknowledge
that provision had been made for the support of her bastard child, when
in fact no provision had been made. The defendant demurred to the
reply.

*Held,* that the demurrer was properly overruled, the second proceedings
being a nullity and not a bar to the action in the circuit court.

From the Madison Circuit Court.

*E. F. Dailey* and *H. D. Thompson,* for appellant.

*W. A. Kittinger, L. M. Schwinn, R. Lake* and *J. F. Neal,*
Prosecuting Attorney, for appellee.

OLDS, J.—This was a prosecution against the appellant for
bastardy. The proceedings were commenced before a jus-
tice of the peace. The justice issued a warrant which was
returned the defendant "not found," and the cause was
heard by the justice in defendant's absence, and certified to
the circuit court. In the circuit court the defendant, hav-
ing been arrested, appeared and answered, setting up as a

defence to the prosecution that after this cause had been certified to the circuit court the relatrix had instituted proceedings against him before another justice of the peace, charging him with being the father of the same bastard child, in which latter proceeding the relatrix had filed an admission that suitable provision for the maintenance for the child had been made, and that by leave of court the cause was dismissed.

A demurrer was filed to the answer and overruled. The appellee then replied to the answer, that the appellant having obtained information that this proceeding in bastardy had been commenced, fled to avoid arrest, and that he was not arrested on the warrant issued by the justice, and the cause was tried in his absence by the justice, and that the appellant was adjudged to be the father of the child, and the cause was certified to the circuit court; that this cause was commenced and prosecuted in good faith by the prosecuting attorney; that the relatrix was only seventeen years of age, uneducated and of weak mind; that the appellant, his father, the appellant's attorney, and the justice of the peace, before whom the latter proceedings were instituted, colluded together for the fraudulent purpose of defeating these proceedings and secretly procured the relatrix to go to the office of Dailey, the attorney for the appellant, and in the absence of the prosecuting attorney, or any person with whom the relatrix could consult or advise, or any person representing the State, induced her to go before said justice and institute such proceedings, and represented to her that she could get nothing out of the suit unless the same was settled, and said Dailey represented that he would act as her attorney and see that her interests were protected, and see that ample and full provision should be made for and secured for the education and maintenance of her child; that the father of the appellant, and Jackson, the justice of the peace, said to her that by her signing and acknowledging of record that such provision had been made and secured, and that it had been

done, and the record so signed would give her such provision and secure the same, and believing that all said statements were true, and that provision had been made for the maintenance of the child, the relatrix signed said acknowledgment that provision had been made, and she was induced to sign such acknowledgment by reason and solely on account of the representations so made to her by said Dailey, Benjamin Ice, father of the appellant, and the justice, and not otherwise; that Dailey was then and there the attorney of the appellant, which fact was kept from the relatrix; that she then relied upon his being her attorney; that no provision was made for the maintenance of said child; that after she acknowledged before such justice that provision had been made for the support of her child, they paid her $25 and no more, and that she has never been paid any more, and immediately thereafter she was compelled to go to the poorhouse of said county, and there remain ever since; that the relatrix is an orphan, without means; that said sum of $25 is wholly inadequate to support and maintain said child; that said proceedings were commenced and said entry so made for the fraudulent purpose of defeating these proceedings, which were commenced and in good faith prosecuted for the maintenance of said child; that said relatrix was incapable of knowing or understanding the effect of said proceedings, or knowing what was a sufficient amount for the support and maintenance of her bastard child; that she was of weak mind, and wholly incompetent to make such admission or know the consequence or effect thereof, all of which said appellant, his father, Dailey, his attorney, and the justice well knew at the time they procured her to make such admission, and make said record of dismissal; that said proceedings were instituted by the appellant, his father, his attorney, and the justice acting in collusion with them, and were wholly controlled by them; the State was not a party thereto, or represented in such proceedings.

To this reply the appellant demurred, and the court over-

Ice *v.* The State, *ex rel.* Ray.

ruled the demurrer, to which ruling the appellant excepted, and assigns such ruling as error. This is the only alleged error complained of.

The statute provides for instituting proceedings in bastardy before a justice of the peace, and in case the defendant is not arrested, that the cause may be heard in his absence and certified to the circuit court. This action was commenced before the proceedings which were pleaded in bar, and the court had jurisdiction of the subject of the action. The circuit court had jurisdiction of this case; it had been certified to the circuit court some four days before the other prosecution was commenced, and it is questionable whether any prosecution could be commenced in another court which would oust the jurisdiction of the circuit court. *Taylor* v. *City of Fort Wayne,* 47 Ind. 274.

But the State is the party to this suit. The action is prosecuted to secure the maintenance of the child. It is made the duty of the prosecuting attorney to prosecute proceedings of this character. It is a well-settled doctrine that to constitute a valid judgment such as will bar another action, there must be adverse proceedings; that one party can not procure proceedings to be commenced against himself, and control both the prosecution and defence of the case, and have a valid judgment rendered which will bar another action in favor of the party whose name he has used, but who in fact had no knowledge or control of the prosecution of the action, and such is shown by the reply to be the facts in the second prosecution instituted before Jackson, justice.

The facts alleged show that the appellant, his father, his attorney and the justice before whom the pretended judgment was rendered, acting for the defendant with the fraudulent purpose of defeating an action which was being prosecuted by the State, deceived and misled an ignorant, weak-minded child, a witness for the State, and without any knowledge of the officer who was prosecuting this action,

they induced such witness to make the affidavit and institute another prosecution, and then by other misrepresentations and by deceiving her, procured her to acknowledge that provision had been made for the support of her bastard child, when in fact no provision at all had been made.

The proceedings were a mere nullity and were of no force whatever as has been fully settled by the decisions of this court and sustained by other authorities. *Gresley* v. *State, ex rel., ante,* p. 72 ; *Watkins* v. *State,* 68 Ind. 427 ; *Sanders* v. *State,* 85 Ind. 318 ; *Halloran* v. *State,* 80 Ind. 586 ; *Holderman* v. *Thompson,* 105 Ind. 112 ; *Dibble* v. *State, ex rel.,* 48 Ind. 470 ; *Ex parte Haase,* 50 Ind. 149 ; *Borden* v. *Fitch,* 15 Johns. 121 ; *Dobson* v. *Pearce,* 12 N. Y. 156 ; Freeman Judgments (3d ed.), section 336.

There was no error in overruling the demurrer to the reply.

Judgment affirmed, with costs.

MITCHELL, C. J., took no part in the decision of this cause.

Filed May 15, 1890.