## NOFTSGER v. BARKDOLL ET AL.

[No. 18,153.   Filed October 14, 1897.]

PRINCIPAL AND AGENT.—*Sale of Real Estate.—When Principal Not Bound by Statement Made by Agent.*—Where an agent, in negotiating a sale of real estate, stated to the purchaser that certain lots belonging to his principal, adjoining such real estate, would not, in his opinion, be fenced while being used for present purposes, and that such purchaser and his customers could pass in and out across said lots, such purchaser is not, by reason of such statement, entitled to have and hold an easement, or perpetual right of way across such lots where such agent had no authority to make a contract of sale without the consent of the principal, and the principal had no knowledge of anything having been said between the purchaser and agent as to the passageway at the time the sale was completed and the deed therefor made. *pp. 532–534*

LICENSES.—*Parol License to Pass Over Land.*—In order that a parol license to pass over the land of another shall become irrevocable, it must be shown that money was expended, or expense incurred by the licensee upon the faith of such license. *pp. 534, 535.*

Noftsger *v.* Barkdoll *et al.*

SAME.—*Naked License.*—*Revocable at Pleasure.*—Where the owner of real estate permits, without objection, an adjoining owner to use his lands as a passageway, such permission amounts to no more than a naked license which is revocable at the pleasure of the licensor.  *p. 535.*

From the Fulton Circuit Court: *Affirmed.*

*Conner & Rowley,* for appellant.

*Essick & Metzler* and *P. M. Buchanan,* for appellees.

MONKS, J.—Appellant brought this action to enjoin appellees from fencing in certain real estate over which appellant claimed a private way to and from his property.  The cause was tried by the court, and at the request of appellant the court made a special finding of facts, and stated conclusions of law thereon, to which appellant excepted.  Final judgment was rendered in favor of appellees.

The assignment of error calls in question the conclusions of law.

The special finding, so far as necessary to the determination of this case is substantially as follows: "On and prior to May 14, 1888, the appellee, Christian Hoover, was the owner in fee simple of lots 301, 302, 303, and 304, in Robbins and Harter's addition to the town of Rochester, except a strip off of the east side thereof owned by the railroad company; that there was a planing mill on lots 303 and 304, which was in the possession of appellee, Barkdoll, as the tenant of his co-appellee, Hoover.  Hoover had been offering all of said lots for sale, and had authorized Barkdoll to receive proposals therefor, and to act as his agent in negotiations for sales of the property, but said Barkdoll did not have authority to make a contract of sale without the consent of Hoover.  Shortly before May 14, 1888, appellant commenced negotiations with said

Barkdoll for the purchase of a part of lots 301 and 302, for the purpose of erecting an elevator thereon. During the negotiations, he informed Barkdoll that he would need convenient approaches to the elevator building he proposed to erect on said lots, and offered to buy a strip six feet wide off of the west ends of said lots 302, 303, and 304, adjoining the alley on the west of the lots, in order that he might widen such alley to the width of sixteen feet, from his proposed elevator site out to Center street; but Barkdoll refused to sell said strip, but informed appellant that the lots on which the planing mill stood would not, in his opinion, be fenced while used for such planing mill purposes, and that appellant and his customers could pass in and out across said lots, and appellant made no further efforts to purchase said strip, or procure other approaches to said proposed elevator site from Center street on the south, but did purchase a strip of ground for an additional approach and way from Washington street, north of said proposed elevator site.   That there were convenient approaches to the parcel of land conveyed to appellant as follows: One from Washington street down the public alley, and one from the same street along an open way, one from Monroe street on the west, through the public alley, running east and west, and one from Center street on the south through a public alley; that at the time that the deed was executed, May 14, 1888, there were driveways, one on the west, and one on the west side of the planing mill, wide enough to haul loads in two-horse wagons, which extended around the mill, the south end of which opened out on Center street; the space north of the mill to Washington street was vacant ground over which teams occasionally passed, but there was no driveway across said lots north of said planing mill.   Appellant finally agreed to purchase

said lot 301, and thirty-five feet off of the north side of lot 302, for $275.00, when Barkdoll informed him that appellee, Hoover, owned said lots and would make him a deed therefor; which deed was duly executed by Hoover and wife to appellant on said May 14, 1888. That when said deed was executed appellee, Hoover, had no notice or knowledge that anything had been said about appellant and his customers having a passage way across said lots 302, 303, and 304, or that anything had been said about not fencing the same. When said deed was executed appellant erected on the real estate conveyed to him an elevator at the cost of five thousand dollars. When appellant completed the erection of his elevator, and began buying and storing, receiving and shipping grain, he commenced using the driveways on the east and west side of said planing mill as approaches and passageways to and from his property, and all persons who hauled grain or other products to and from said elevator, from Center street, used said driveways without hinderance or objection from said appellees until September 5, 1894, when they threatened to build a fence so as to prevent appellant passing over said lots owned by said Hoover; that appellees knew that appellant and his customers were driving across said lots from Center street to the elevator." The court stated as a conclusion of law that appellant was not entitled to have and hold an easement or perpetual right of way on and across the parts of said lots 302, 303, and 304, owned by appellee Hoover.

Appellant claims that under the facts found he has an irrevocable license for himself and his customers to pass and repass on and across said lots to and from his elevator to Center street by two distinct ways, one on each side of the planing mill.

It has been held by this court that when money has

been expended or expense incurred upon the faith of a parol license the same may become irrevocable. *Joseph* v. *Wild*, 146 Ind. 249, and cases cited. No license, however, was given or promised by appellee, Hoover, to appellant to pass on and across said real estate before or after he received the deed for the real estate upon which he erected the elevator. What Barkdoll said was, in effect, that appellant and his customers could pass on and across said lots until the lots were fenced, and that in his opinion the lots would not be fenced while used for planing mill purposes. This statement was made without the knowledge or consent of Hoover, the owner of the lots, and was in no manner binding upon him. Besides, if Barkdoll had been the owner of the lots, and what he said was sufficient to amount to a license to appellant to pass over the lots, it was revocable at pleasure. It is not stated in the special finding that appellant expended any money or incurred any expense upon the faith that such a license was perpetual, or that he relied upon it in any way. Without these essential facts the finding would not support appellant's claim of an irrevocable license, even as against Barkdoll. *Parish* v. *Kaspare*, 109 Ind. 586, and cases cited.

The mere fact that appellee, Hoover, the owner of said lots, knew that appellant and his customers were using the driveways around each side of the planing mill in going to and returning from said elevator to Center street, and that he did not object thereto, and even if he by his silence consented thereto, would amount to no more than a naked license which is revocable at pleasure. *Parish* v. *Kaspare, supra.* The burden of proof was upon appellant to prove that he and his customers had an irrevocable license to cross over said lots in going to and returning from his elevator to Center street. The facts stated in the special

finding do not show that he had any such right. It follows that the court did not err in its conclusions of law.

Judgment affirmed.