## ALLEN v. HAMILTON ET AL.

[No. 19,112.    Filed Oct. 24, 1901.    Rehearing denied Jan. 14, 1902.]

APPEAL AND ERROR.—*Bill of Exceptions.*—A bill of exceptions containing the evidence must be filed with the clerk after being signed by the judge.

From Decatur Circuit Court; *Douglas Morris,* Judge.

Action by Caroline C. Allen against W. M. Hamilton and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*C. Ewing, D. Wilson* and *M. D. Tackett,* for appellant.

*D. W. Howe, B. F. Bennett* and *T. E. Davidson,* for appellees.

JORDAN, J.—This action was instituted in the lower court by appellant whereby she sought to recover of appellees the sum of $15,000 for the alleged wrongful conversion of certain bank stock. There was a trial by jury, and at the close of the evidence the court directed the jury to return a verdict in favor of the defendants, which was accordingly done, and over appellant's motion for a new trial judgment was rendered in their favor for costs. The only question discussed by the parties is the alleged error of the court in directing the jury, upon the evidence, to find for the defendants.

At the very threshold we are confronted with the contention of appellees' counsel, that the evidence given on the trial of this cause is not in the record. It appears that an attempt has been made to bring up the evidence under the provisions of an act of the legislature, concerning the appointment of shorthand court reporters, etc., approved March 3, 1899, Acts 1899, p. 384. In *Adams* v. *State,* 156 Ind. 596, we held that §6 of the latter act, which section, in the main, was designed to control the certification of the long-

hand manuscript of the evidence to this court, on appeal, was invalid, and that the act approved March 8, 1897, Acts 1897, p. 244, was still in force, and controlled, in certifying to this court the original bill of exceptions embracing the evidence given upon the trial of a case together with the exceptions and objections thereto. In the case at bar appellant has even failed to comply with the requirements of §6 of the act of 1899, and if that section could be said to be valid, she would not be in a position to claim a substantial compliance with its provisions. She has also wholly neglected to comply with the requirements of the act of 1897, and hence it can not be said that the evidence is in the record by virtue of appellant having substantially complied with the provisions of the latter law. The clerk of the lower court certifies that the original transcript or manuscript of the evidence was filed in his office on May 30, 1899, and that such transcript was filed before it was signed by the judge. The trial judge on September 4, 1899, appears to have signed what purported to be a typewritten transcript of the evidence, previously filed with the clerk on May 30, 1899. There is nothing to show that this document, even if it could be said to answer for a bill of exceptions embracing the evidence, was filed either in open court or with the clerk after it was signed by the judge on September 4th. As previously stated, the clerk in two of his certificates, at least expressly states that the longhand manuscript of the evidence was filed on May 30, 1899, before it had been signed by the judge. If the document in question could be viewed and considered as a bill of exceptions embracing the evidence, as required by the act of 1897, still the date of its filing in court or with the clerk, after it had been signed by the trial judge, should have been expressly shown by the record. That a bill of exceptions containing the evidence is, by the act of 1897, required to be filed after it has received the signature of the judge is settled by many decisions of this court. Ewbank's Manual §32, and cases there cited.

It follows, and we so adjudge, that the evidence is not before us, therefore, no question is presented upon the ruling of the court directing a verdict thereon.

Judgment affirmed.