CASE ET AL. *v.* BENNETT, ADMINISTRATRIX.

[No. 19,841. Filed June 26, 1902.]

APPEAL AND ERROR. —*Evidence.* —*Bill of Exceptions.* —*Record.* —In order to make the evidence a part of the record on appeal, the same must be incorporated in a bill of exceptions, which shall be examined and approved by the trial judge as a bill of exceptions, and, when thus judicially perfected, filed in open court, or in the clerk's office, as a part of the proceedings in the case in accordance with the act of 1897.

From Hamilton Circuit Court; *John F. Neal,* Judge.

Action by Martha Bennett, administratrix of the estate of Alfred Bennett, deceased, against Vincent Case and another for the death of decedent. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*R. P. Neal, I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellants.

*P. J. Fariss, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellee.

HADLEY, J.—Appellee recovered against appellants a judgment for $800 for alleged negligence which caused the death of appellee's decedent. The only assignment of error presented to the court is the overruling of appellants' separate motion for a new trial. The reasons for a new trial are,—by appellant Daffron,—that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law, and,—by appellant Case,—the additional reason that certain damaging testimony was wrongfully admitted against him. None of these questions can be determined in the absence of the evidence, and appellee insists that the evidence is not in the record.

The record discloses that ninety days· from the 3d day of July, 1900, were "given the official reporter to file his longhand manuscript of the evidence in the clerk's office," and "ninety days are also given defendants to file bill of exceptions." On the next following page appears a recital, without introductory words other than the title of the cause, to the effect that on the 29th day of September, 1900, Edward E. Neal, the duly appointed official reporter, who, as such reporter, was required by the presiding judge, and did take down in·shorthand all the evidence and noted all rulings and exceptions, and upon request did prepare for the defendants a longhand transcript of all of said proceedings so taken and noted, and that such transcript· was by said reporter filed with the clerk of the Hamilton Circuit Court on the 29th day of September, 1900, within the time fixed by the court, "and that the Honorable John F. Neal, judge of the Hamilton Circuit Court, thereupon attached to the said transcript of the evidence so filed by such reporter a certificate that the same is correct and contains all the evidence, which said transcript is in the words and figures following, to wit." Then comes the following entry: "This longhand report of the evidence filed in my

office this 29th day of September, 1900. H. W. Carey, Clerk." Then comes what purports to be the evidence given in the case. Following the evidence appears the signed certificate of Edward E. Neal, as official reporter, to the same facts recited in the introduction, and "that the above and foregoing transcript contains all the evidence given in said cause" dated "this the 29th day of September, 1900." Following the reporter's certificate the presiding judge "hereby certifies" that Edward E. Neal is the official reporter, that he was duly appointed and sworn as such faithfully to discharge his duties as a reporter in said cause, and as such reporter he did take down in shorthand all the oral evidence given in said cause, and all rulings and exceptions, and that the above and foregoing typewritten transcript prepared by him is correct, and contains all the evidence given in said cause. Signed "this the 29th day of September, 1900." This is followed with the certificate of the clerk to the correctness of the transcript and the genuineness of the signature of the presiding judge, and the record closes.

The document filed in the clerk's office by the reporter on September 29th, was in compliance with the order of the court that he should, within ninety days, file therein a longhand transcript of the evidence; and the proceedings with respect to this transcript, and the facts concerning the same certified by the judge, all clearly show that it was an attempt to bring up the evidence under the invalid §6 of the act of 1899 (Acts 1899, p. 384). See *Adams v. State,* 156 Ind. 596. This section of the act of 1899 contemplated a filing of the transcript in the clerk's office before approval and certification by the trial judge, and, this proceeding being under said act, we must presume, nothing appearing to the contrary, that the judge attached his certificate after the transcript was filed.

Although ninety days were granted defendants in which to file a bill of exceptions, it seems that no attempt was

made to file such a bill. It has been decided by this court over and over again that, to bring up the evidence, the same must be incorporated in a bill of exceptions, which shall be examined and approved by the trial judge as a bill of exceptions, and when thus judicially perfected, filed in open court, or the clerk's office, as a part of the proceedings in the case, in accordance with the act of 1897. This has not been done, and the judgment must therefore be affirmed. See *Kirkman* v. *State,* 158 Ind. 156.

Judgment affirmed.