## OSTER v. BROE ET AL.

161    113
f166   332

[No. 19,911.   Filed October 14, 1902.   Rehearing denied June 18, 1903.]

APPEAL AND ERROR.—*Transfer of Cause from Appellate Court.*—Where a petition is granted by the Supreme Court to transfer a cause from the Appellate Court, under clause 2, §1337j Burns 1901, the opinion of the Appellate Court is thereby vacated. *p. 114.*

LICENSE.—*Parol License to Construct Drain.—Revocation.—Judgment.—Estoppel.*—Where plaintiff sued and recovered as a part of his damages the entire cost of constructing a tile ditch which had been constructed by plaintiff over the lands of defendant under an oral license, he can not thereafter maintain a suit to compel defendant to allow him to repair the ditch. *pp. 114–120.*

EASEMENTS.—*Enforcement Against Lands Held by Entireties.*—Where the plaintiff is estopped by a former judgment from enforcing an easement in the interest of the husband in lands held by the entireties, he can not enforce same against the wife. *pp. 120, 121.*

APPEAL AND ERROR.—*Record.—Evidence.*—Where all the requirements of the act of 1897 (Acts 1897, p. 244) have been complied with, the evidence is properly in the record, although it was attempted to bring the evidence into the record under the invalid act of 1899. *p. 121.*

SAME.—*Bill of Exceptions.—Clerk's Certificate.*—An instrument containing the evidence which is signed by the judge and which purports to be a bill of exceptions containing all the evidence given in the cause is not changed by being designated in the clerk's certificate as "a transcript of the evidence given in said cause." *pp. 121, 122.*

EVIDENCE.—*Testimony of Jurors in Former Action.*—The testimony of jurors who tried a cause is not admissible in the trial of a subsequent action growing out of the same subject-matter for the purpose of showing the matters taken into consideration by the jury in the assessment of damages in the former trial, where such evidence contradicts the theory on which the former case was tried as shown by the record thereof. *pp. 122, 123.*

JUDGMENT.—*Fraud.*—If a judgment is procured by fraud or mistake it can not be treated as a nullity, but is conclusive on the parties and their privies until reversed on appeal, or vacated or set aside in a direct proceeding brought for that purpose. *pp. 123, 124.*

From Benton Circuit Court; *J. M. Rabb*, Judge.

Suit by Antone Oster against George W. Broe and wife. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Otto Gresham, Lee Dinwiddie, A. C. Harris* and *Frank Cutter*, for appellant.

*Daniel Fraser* and *W. H. Isham*, for appellees.

MONKS, J.—By sustaining appellant's petition for an order of transfer under clause 2, §10, of the act of 1901 (Acts 1901, p. 565, §1337j Burns 1901, 6565f Horner 1901), this court has vacated the decision of the Appellate Court, and has brought this cause here for final determination.

This suit was brought by the appellant against appellees, husband and wife, to compel them to allow appellant to repair a tile ditch which he had constructed at his own expense, under an oral license, across real estate owned by appellees, for the drainage of appellant's real estate and said real estate of appellees; to restrain appellees from removing the tile, or interfering with the ditch after its repair; for the specific performance of said oral license; and for damages. Appellant filed an answer in two paragraphs. The first was a general denial; the second, a plea of former adjudication. Before the trial there was an agreement in open court, entered of record, that the complaint was denied in due and legal form, and "that all affirmative defenses and all affirmative matters in reply thereto might be

given in evidence without special plea." The court made a special finding of facts, stated conclusions of law thereon in favor of appellees, and, over a motion for a new trial, rendered judgment against appellant.

The errors assigned call in question each conclusion of law and the action of the court in overruling appellant's motion for a new trial.

It appears from the special finding of facts that prior to July, 1894, a public ditch had been constructed across the land of one Roberts, and that for the construction of said ditch the lands of the appellant, appellees, and said Roberts had been assessed; that said public ditch furnished the most convenient and natural outlet for the drainage of appellant's land, but the same could not be drained without a tile ditch across the land of appellees and the land of said Roberts to said public ditch. During said month of July, by an agreement between appellant and appellees, permission was granted appellant by appellees, and also by said Roberts, to construct a tile-drain across the lands of appellees and said Roberts to said public ditch; that pursuant to said license, upon a line selected by appellees, appellant constructed a tile ditch from his said land across the lands of appellees and said Roberts to said public drain; that said tile ditch, when so constructed, connected with a system of ditches on appellant's land, and properly and effectually drained the same. Said ditch was so constructed with the knowledge and consent of appellees, at an expense to appellant of $100. "Afterwards, in March, 1896, appellee George W. Broe dug up twelve feet of the tile ditch so constructed by appellant, where it entered the lands of appellees, and thereby wrongfully obstructed the flow of the water through said tile ditch, and rendered the same of no value to appellant for the drainage of his land; and said appellee wrongfully refused to permit appellant to enter upon his land for said purpose of repairing said tile ditch, and still so refuses to permit appellant to enter upon

his land for said purpose, and said tile ditch is still so obstructed and rendered useless by the acts of said appellee."

In August, 1897, appellant brought an action against appellee George W. Broe in the Benton Circuit Court. The complaint was in two paragraphs. It was alleged in the first paragraph, in substance: "That plaintiff [appellant] was the owner of certain real estate in Benton county, Indiana [describing it], and that defendant was the owner of real estate in said county and State [describing it], and that they were such owners at the time of the grievances hereinafter complained of; that for the betterment and benefit of said real estate, together with other real estate in the vicinity thereof, a public ditch was constructed under the drainage law of this State, and said public ditch was so constructed through and across the land of one Roberts [describing said land], and the lands of plaintiff and said defendant were assessed as benefited by the construction of said public ditch, and the same afforded drainage for each of said tracts of land; that said defendant's land lies immediately between the land of plaintiff and the land of said Roberts, and the only natural and convenient way to drain plaintiff's land into said public ditch was by going through the land of said defendant, and plaintiff was about to resort to the remedies afforded him by the drainage laws of this State and thereby to obtain the right to enter upon the land of the defendant, and to put across it a tile ditch, but the defendant, to save the trouble and the expense of such legal proceedings, entered into a parol agreement with plaintiff whereby it was agreed by and between them that if the plaintiff would furnish the tile, and in all things construct at his own expense a tile-drain across the defendant's land, and continue it over the land of Roberts, sufficient to connect with the open ditch, the plaintiff should have the right of way across defendant's land, without going to the cost and trouble of legal proceedings; that, pursuant to this agreement, the plaintiff, in 1894,

furnished the tile and constructed a tile-drain sixty-one
rods in length across defendant's land at a cost of about
$200 in addition to his own trouble and time, and con-
nected the same with the open ditch, thereby giving the
defendant's land the full benefit of the tile-drain; that
afterwards the defendant, for the purpose of injuring the
plaintiff and preventing him from raising grain on a large
portion of his land, in March, 1896, did wrongfully, wil-
fully, and purposely break, destroy, pull up, and demolish
several of said tile near to and on the line where the drain
is connected with those on plaintiff's and defendant's lands,
in consequence whereof the defendant prevented the drain
on plaintiff's land from running water into the drain across
the defendant's land, and from utilizing for plaintiff's bene-
fit the open ditch; that afterwards the plaintiff furnished
other tile to replace those so broken, destroyed, pulled up,
and demolished by the defendant, and replaced these other
tile in the ground, and connected them with the tile-drain
on defendant's land; that defendant again tore up and de-
stroyed the tile last put in, and thereby rendered it impossible
for plaintiff to raise any grain on that portion of his land
near the line of defendant's land; that by reason of the
wrongful act of the defendant thirty acres of plaintiff's
land during the crop seasons of 1896 and 1897, was sub-
merged in water, thereby rendering it unfit for farming
purposes; that by reason thereof the plaintiff has been dam-
aged by such wrongful acts of the defendant in the sum of
$500. Wherefore plaintiff demands judgment from the
defendant for $500, together with all other just and equit-
able relief."

The second paragraph of complaint, as set forth in the
special findings, in addition to the averments in regard to
the ownership of the lands, the making of the public ditch,
the agreement for the construction of the tile ditch across
the lands of appellees and Roberts, its construction under
said oral license, alleged that said appellee "wrongfully, wil-

fully, and purposely broke, tore up, and otherwise destroyed several of the tile near to and on the line which separated said lands of plaintiff and defendant, thereby depriving, and did deprive the plaintiff from draining his said land into said open ditch, and entirely cut off the plaintiff's outlet, * * * and the plaintiff alleges that the defendant informed the plaintiff that he should so break, pull up, and destroy any other repairs he should make in connecting the tile on his said land with the tile on the line of plaintiff's said land, and the defendant refused to allow plaintiff the use and benefit of the tile-drain the plaintiff had so constructed on defendant's said land, to plaintiff's damage $600. Wherefore plaintiff demands judgment for $600, together with other just and equitable relief."

Appellee George W. Broe, the defendant in said cause, filed a general denial to said complaint, and the issues there presented were tried by the court and jury, and a verdict returned in favor of appellant, assessing his damages at $181, $40 of which was remitted, and judgment was rendered for the residue, $141 and costs.

"Upon the trial of said cause appellant introduced, among other things, evidence of the total cost of the construction of said tile ditch across the lands of appellees and said Roberts to said public ditch, and claimed as a part of his damages in said cause the entire cost and expense incurred by him in the construction of said ditch; and the court in said cause instructed the jury that appellant was entitled to recover, if he was entitled to recover at all, as a part of his damages in said cause, his expense in the construction of said ditch, and under said instructions of the court appellant was allowed, as a part of his damages, his entire expense and outlay in constructing said tile ditch which appellant seeks to open and have maintained. After the termination of said cause, appellant demanded of appellees permission to enter their premises for the purpose

of repairing and opening said tile-drain, which permission was refused by appellees, and appellant was forbidden to enter said premises for such purposes."

The court stated as conclusions of law: "(1) That appellant is estopped by the recovery of the judgment for damages in the former action against said appellee from waging this suit; (2) that the appellant is not entitled to recover."

Even if the facts alleged in the first paragraph of complaint in the former case entitled appellant to recover damages only for the wrongful obstruction and interference with said easement, upon the theory that appellant had the right to the future enjoyment of the easement after the recovery of such damages for past trespasses only, it is clear that the second paragraph was capable of being given a much broader scope by the parties and the court upon the trial. It alleged that said appellee had deprived appellant of the use of said ditch, and that his declared purpose was to continue to deprive him of the easement and the use and benefit of said tile ditch. To recover the cost of the construction of said tile ditch was entirely inconsistent with the recovery merely of damages for the past injury, leaving the easement unimpaired for the future, but would be consistent only with the theory that the damages recovered were for the loss of the easement. It is true that it has been held in this and in other states that when money is expended on the faith of an oral license the same will be enforced and protected. *Town of Newcastle* v. *Lake Erie, etc., R. Co.,* 155 Ind. 18, 26, and cases cited; *Roush* v. *Roush,* 154 Ind. 562, 570, and cases cited; *Noble* v. *Sherman,* 151 Ind. 573, 574, and cases cited; *Noftsger* v. *Barkdoll,* 148 Ind. 531, 534, 535; *Buck* v. *Foster,* 147 Ind. 530, 532, 62 Am. St. 427, and cases cited; *Joseph* v. *Wild,* 146 Ind. 249, 253, 254, and cases cited; *Rogers* v. *Cox,* 96 Ind. 157, 49 Am. Rep. 152; *Simons* v. *Morehouse,* 88 Ind. 391; *Ross* v. *Thompson,* 78 Ind. 90; *Hodgson* v. *Jeffries,* 52 Ind. 334; *Miller* v. *State,* 39 Ind. 267;

*Stephens* v. *Benson,* 19 Ind. 367; *Snowden* v. *Wilas,* 19 Ind. 10, 81 Am. Dec. 370; *Rerick* v. *Kern,* 14 Serg. & Raw. 267, 16 Am. Dec. 497 and note pp. 501-506.

The special findings show that by his former action appellant sought to recover and did recover as a part of his damages the entire cost of constructing said tile ditch. This cost or expense was the only thing that gave appellant the right to enforce the oral license. Having brought an action and recovered the thing which gave him the right to insist upon the easement, he can not thereafter be heard to say that he is entitled to the same. Said cause having been tried, and the damages assessed, and the judgment rendered upon the theory that the license had been revoked, appellant is estopped from saying, in this action, that the license is not revocable, .and that the easement on appellees' real estate still exists. This is true even if appellees could not have revoked said license by placing appellant in *statu quo*—a question we do not decide—because, if appellees attempted to revoke the same, and appellant recovered damages upon the theory that the license was revoked, it must be treated as revoked, and neither party can, in this action, question such revocation, or the right to make it. The special finding shows that the former case was tried by the parties and the court and judgment rendered upon the theory that appellant was entitled to recover, if at all, damages for the loss of the easement. The judgment rendered was, therefore, while in force, inconsistent with a demand for an order to compel appellees in this case to permit appellant to continue the enjoyment of said easement, or the specific performance of said oral license.

This suit is against the husband and wife, the land and the easement and the disturbance being the same as in the former case, which was against the husband alone. The adjudication in the former action concludes the appellant and the appellee George W. Broe in this action, although Broe's wife was not a party to said former action. *Board,*

Oster *v.* Broe.

*etc.,* v. *Beaver,* 156 Ind. 450, 456; *Wilson* v. *Buell,* 117 Ind. 315, 317, 318; *Davenport* v. *Barnett,* 51 Ind. 329, 333, 334; *Richardson* v. *Jones,* 58 Ind. 240; *Nave* v. *Adams,* 107 Mo. 414, 17 S. W. 958, 28 Am. St. 421; *Dows* v. *McMichael,* 6 Paige 139. As the real estate across which appellant seeks to enforce said easement was owned by appellees, who were husband and wife, as tenants by the entireties, it is evident that if appellant can not enforce the claim against the husband, he can not against the wife.

There was an attempt in this case to bring the evidence into the record under §6 of the act of 1899 (Acts 1899, p. 384, §1475 Burns 1901, §1408b Horner 1901), which section was held unconstitutional and void by this court in *Adams* v. *State,* 156 Ind. 596. It has been uniformly held by this court, however, that where all the requirements of the act of 1897 (Acts 1897, p. 244, §638a Burns 1901, §650a Horner 1901) have been complied with, that the evidence is properly in the record, although the attempt has been made to bring the same into the record under said void §6 of the act of 1899, *supra.* *Adams* v. *State, supra; Miller* v. *Coulter,* 156 Ind. 290, 294; *Tombaugh* v. *Grogg,* 156 Ind. 355, 358; *Klein* v. *State,* 157 Ind. 146, 150; *Beall* v. *Union Traction Co.,* 157 Ind. 209, 210; *Allen* v. *Hamilton,* 157 Ind. 621, 622. The record in this case shows that the motion for a new trial was overruled and final judgment rendered on November 13, 1899, and that sixty days were given in which to file a bill of exceptions; that the judge of the trial court, before whom the cause was tried, signed a bill of exceptions containing the evidence on December 22, 1899, and that the same was filed on the next day, December 23, 1899, in the office of the clerk of said trial court; that said original bill of exceptions is embraced in the transcript in this case, and is duly certified by the clerk of the trial court to be the original instrument containing the evidence in said cause, signed by the trial judge. This is a substantial compliance with

all the requirements of said act of 1897, *supra*. *Hauger* v. *Benua*, 153 Ind. 642, 646, 647; *Tombaugh* v. *Grogg*, *supra*. It is true that the instrument containing the evidence which was signed by the judge, and which purports to be a bill of exceptions containing all the evidence given in the cause, is designated in the clerk's certificate as "a transcript of the evidence given in said cause." But this can not change the character of the instrument identified by the certificate. It purports to be, and is a bill of exceptions containing the evidence, and it is stated therein that it "contains all the evidence given in said cause."

During the progress of the trial, the court refused to permit appellant to prove by two of the jurors at the former trial that the jury only took into consideration and allowed damages for the rental value of that part of appellant's land which he lost the use of on account of the obstruction of the tile ditch, and for the expense of repairing the tile ditch, which amounted in all to $181, and that nothing was allowed appellant in the verdict for the expense of constructing the tile ditch. This ruling of the trial court was assigned as a cause for a new trial.

The evidence in this cause clearly shows that the former case was tried by the parties and the court upon the theory that the oral license had been revoked by the acts of appellee in obstructing said tile ditch, and that appellant was entitled to recover, as a part of his damages, the entire cost of constructing said tile ditch, and the court so instructed the jury. It must be held, therefore, the jury having returned a verdict in said former action in favor of appellant, that they included in the damages assessed the expense incurred by appellant in constructing said tile ditch. The evidence excluded was, in effect, that the jurors who had tried the former cause had disregarded the evidence, the instructions of the court, and the theory upon which the case was tried by the parties and the court,— that they were guilty of misconduct. Such evidence would.

contradict the record in said cause. The evidence of jurors will not be received for such purpose, in a case like this, nor to support a motion for a new trial in the case where the misconduct occurred. Black, Judgments (2d ed.), §616; Bigelow, Estoppel (5th ed.), 88; *Crum* v. *Boss,* 48 Iowa 433, 436; *Underwood* v. *French,* 6 Or. 66, 25 Am. Rep. 500; *Barrett* v. *Failing,* 8 Or. 152, 156, 157; *Davis* v. *Tallcott,* 12 N. Y. 184, 189, 190; *Lorillard* v. *Clyde,* 122 N. Y. 41, 47, 48, 25 N. E. 292, 19 Am. St. 470; *Lawrence* v. *Hunt,* 10 Wend. 80, 84, 85, 25 Am. Dec. 539; *Agan* v. *Hey,* 30 Hun (N. Y.) 591, 594; *Dear* v. *Reed,* 37 Hun (N. Y.) 594, 601; *Packet Co.* v. *Sickles,* 5 Wall. (U. S.) 580, 593, 18 L. Ed. 550; *Burthe* v. *Denis,* 133 U. S. 514, 522, 10 Sup. Ct. 335, 33 L. Ed. 768; *Baker* v. *Stinchfield,* 57 Me. 363; *Jones* v. *Perkins,* 54 Me. 393, 395, 396; *Smith* v. *Smith,* 50 N. H. 212, 217-220, and cases cited on pp. 215, 216; *Reed* v. *State,* 147 Ind. 41, 48, 49; *Hutchins* v. *State,* 151 Ind. 667, 674, 675; *Houk* v. *Allen,* 126 Ind. 568, 11 L. R. A. 706; *Petition of Groton,* 43 N. H. 91, 94; *Sheldon* v. *Perkins,* 37 Vt. 550, 557; *State* v. *Millican,* 15 La. Ann. 557, 558; *Mirick* v. *Hemphill,* Hempst. 179, 17 Fed. Cas. 476; *Saunders* v. *Feller,* 23 Tenn. 515, 518; *Norris* v. *State,* 22 Tenn. 332, 39 Am. Dec. 175; *Inhabitants of Bridgewater* v. *Inhabitants of Plymouth,* 97 Mass. 382, 390.

It is next insisted that the evidence shows that fraud was practiced on the court in entering judgment in the former action, and that for this reason the same is not *res judicata* of the subject-matter, or an estoppel; citing *Ice* v. *State, ex rel.,* 123 Ind. 590; Freeman, Judgments (4th ed.), §250. The rule established by the authorities cited is that when one procures proceedings to be commenced against himself, and controls both the prosecution and the defense of the case, the judgment rendered is not valid, and will not bar another action in favor of the parties whose names he used, but who in fact had no knowledge or control of

the prosecution of the action. This doctrine is well settled in both civil and criminal cases. *Burnett* v. *Milnes,* 148 Ind. 230, 234; *Brown* v. *Grove,* 116 Ind. 84-86, 9 Am. St. 823. The judgment in such a case ·is treated as a nullity. Here, however, appellant brought and prosecuted the former action. In such a case, if the judgment is procured by fraud or mistake, it·can not be treated as a nullity, but is conclusive upon the parties and their privies until vacated or set aside on appeal, or in a direct proceeding brought for that purpose. So long as the judgment stands, not being void, it concludes the parties upon the subjects therein determined. *Emerick* v. *Miller,* 159 Ind. 317, and cases cited; *Weiss* v. *Guerineau,* 109 Ind. 438, 443, 444; Freeman, Judgments (4th ed.), §§287, 289, 334; Van-Fleet, Collat. Attack, §550.

Judgment affirmed.