## CRANE v. OSBORN, EXECUTOR.

[No. 4,347.    Filed March 19, 1903.]

APPEAL.—*Record.*—*Evidence.*—Where an appellant attempts to incorporate the evidence in the record pursuant to the provisions of §1475 Burns 1901, which section is unconstitutional, and no attempt is made to incorporate the evidence under any other statute, the evidence is not in the record.

From Laporte Circuit Court; *J. C. Richter,* Judge.

Margaret A. Crane filed exceptions to the report of Frank E. Osborn, executor of the estate of Benjamin F. Crane. From a judgment for the executor, exceptant appeals. *Affirmed.*

*J. R. Wilson, M. D. Townley, C. H. Truesdell, H. W. Salwasser* and *M. E. Leliter,* for appellant.

*F. E. Osborn* and *W. A. McVey,* for appellee.

HENLEY, J.—Appellant excepted to the final report of the appellee, as executor of the estate of Benjamin F. Crane, deceased. Her exception called in question the validity of a payment made by appellee to the law firm of Weir, Weir & Darrow, who had acted as appellant's attorneys in looking. after her interest in the estate represented by appellee. Appellee's final report charged appellant with the sum of $400 which had been paid by such executor to appellant's attorneys. In her exception to the final report appellant avers that said sum was never received by her, and that the said firm of attorneys had never been authorized by her to receive such sum in her behalf. The appellee filed a general denial, and upon the issues so tendered the cause was tried by the court, who found in favor of the appellee, and overruled appellant's exception to the final report.

Appellant's motion for a new trial was overruled. The reason assigned in the motion for a new trial is that the decision of the court is not sustained by sufficient evidence, and that such decision was contrary to law. This is the only question presented to this court by appellant's assignment of error. It will be seen that the court can not consider and decide this question unless the evidence is before us.

Counsel for appellee contend that the evidence is not in the record, because appellant has proceeded under an act which the Supreme Court of this State has held unconstitutional and void. Counsel for appellant admit that the evidence is attempted to be brought up under §6 of the act of 1899 (Acts 1899, p. 384, §1475 Burns 1901), and present to this court an elaborate argument to show that such section has been improperly construed by the Supreme Court in the case of *Adams* v. *State,* 156 Ind. 596. In the case last cited, the Supreme Court held §6 of such act unconstitutional and invalid, and this court recognizing the correctness of such decision has followed it in a number of

cases. *Smith* v. *American, etc., Co.,* 29 Ind. App. 308. The Supreme Court has followed the case of *Adams* v. *State, supra,* in *Klein* v. *State,* 157 Ind. 146; *Beall* v. *Union Traction Co.,* 157 Ind. 209; *City of Indianapolis* v. *Tansel,* 157 Ind. 463; *Allen* v. *Hamilton,* 157 Ind. 621; *Case* v. *Bennett,* 159 Ind. 170.

Appellant does not in the argument contend that the evidence is in the record under any other statute provided for such purpose, nor has there been an attempt to comply with any other statute for the purpose of bringing the evidence into the record. We must, therefore, hold that the record as it comes to us does not present the question attempted to be raised by the assignment of errors.

Judgment affirmed.