RILEY v. THE STATE.

[No. 18,410.   Filed Nov. 23, 1897.]

CRIMINAL LAW.—*Appeal.*—*Imperfect Record.*—Where the record does not contain the affidavit and information upon which the prosecution of appellant was based, the Supreme Court will not consider an

alleged error of the trial court in the admission of evidence tending to prove other and different crimes than the one charged.

From the Allen Circuit Court. *Affirmed.*

*John H. Aiken,* for appellant.

*W. A. Ketcham, Merrill Moores* and *Cassius C. Hadley,* for State.

McCABE, J.—We are informed by a statement, or recital in the transcript, that this was a prosecution against the appellant, based on an affidavit and information filed by the prosecuting attorney, charging the defendant with entering a house to commit a felony, to which he plead not guilty. A trial resulted in a verdict of guilty, and fixing his punishment at ten years' imprisonment in the State prison, and that he be disfranchised for ten years. Final judgment was rendered on the verdict, over appellant's motion for a new trial.

The only errors properly assigned call in question the action of the circuit court in overruling appellant's motion to quash the affidavit and information, and in overruling appellant's motion for a new trial. But the affidavit and information are not in the transcript. However, appellant's counsel have wisely refrained from discussing the ruling overruling the motion to quash. That error, if there was error in the ruling, is waived by failure to point it out in his brief. The only ruling discussed in appellant's brief is the refusal of a new trial.

We learn from appellant's brief that the felony charged in the affidavit and information was larceny. The grounds for the motion for a new trial, urged here for reversal, are the admission of evidence tending to prove other crimes than those charged in the affidavit, as is contended in appellant's brief. We can

only know from the record proper that the admitted evidence tended to prove a different crime, or different crimes, than those charged in the affidavit and information. In the absence of the affidavit and information in the transcript, we cannot know that the evidence admitted was not admissible thereunder, or that it did not tend directly to prove some one or more of the crimes charged in such affidavit and information.

Appeals to this court are tried upon the record, and not the statement of counsel, and by the record decided. Elliott's App. Proced., section 186, and cases there cited. The presumption is in favor of the regularity and legality of the proceedings of the trial court; and before that can be overcome, the appellant must present a transcript of the record affirmatively showing the commission of the error complained of by him. Elliott's App. Proced., sections 291, 292, and authorities there cited; Campbell v. State, 148 Ind. 527. We are legally required to presume that the crimes which the evidence objected to tended to prove were charged in the affidavit and information until the contrary is made affirmatively to appear in the record presented to us. This is so because it has often been held that all presumptions are in favor of the action of the trial court until it affirmatively appears by the record that its action was erroneous. Watson Coal, etc., Co. v. Casteel, 73 Ind. 296; Foster v. Ward, 75 Ind. 594; Johnson v. Holliday, 79 Ind. 151, and many other cases to the same effect.

The contrary is not made to appear by the record, and hence no available error is presented, and the judgment must be, and is, affirmed.