# PARKER v. STATE OF INDIANA.

[No. 22,730. Filed April 2, 1915.]

1. APPEAL.—*Record.*—*Bill of Exceptions.*—*Certificate of Court Reporter to Transcript of Evidence.*—The settling and certifying the bill of exceptions containing the evidence are judicial acts for the trial judge, who must exercise his own judgment in respect to the correctness of the evidence, rulings, exceptions, etc., therein embraced; hence the certificate of the court reporter to the transcript of the evidence adds nothing to the bill of exceptions and need not be·incorporated therein. p. 131.

2. CRIMINAL LAW.—*Harmless Error.*—*Admission of Evidence.*—In a prosecution for assault and battery with intent to rape, where defendant, who had not testified, was required to stand that a witness for the State might compare his size and appearance with that of the person she saw leaving the home of prosecuting witness, the action of the court, if error, was harmless in view of her answer that the man she saw was "about that tall, a little taller". p. 132.

3. WITNESSES.—*Contradictory Statements.*—*Admissibility of Statements to Support Witness.*—Where the prosecuting witness in a criminal case testified at the trial that she first saw defendant as he passed her house in an open buggy, and on cross-examina-

tion admitted that she had made a different statement at the preliminary hearing, it was error to permit her on reëxamination to testify that she made a statement to the grand jury the same as the one to which she testified at the trial, since the making of contradictory statements was established by her own admissions so that there was no necessity for proving them, and there was nothing to meet by showing she had made the statement at another time in conformity to her testimony at the trial. p. 133.

From Vanderburgh Circuit Court; *Duncan C. Givens,* Judge.

Prosecution by the State of Indiana against Bert Parker. From a judgment of conviction, the defendant appeals. *Reversed.*

*Edgar Durre* and *C. T. Curry,* for appellant.

*Richard M. Milburn,* Attorney-General, *J. W. Sappenfield, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney and Wilbur T. Gruber,* for the State.

ERWIN, C. J.—This was a prosecution by the State, by indictment, of Bert Parker for assault and battery with intent to commit a felony, to wit, rape. The only assignment of error in this court is, the overruling of the motion for a new trial.

The questions presented for our consideration relate to the ruling of the court on the admission of evidence. It is contended by the attorneys for the appellee that the 1. evidence is not properly in the record for the reason that the official reporter has failed to certify to the correctness of the longhand manuscript of the evidence as incorporated in the bill of exceptions, signed by the trial judge. It has been held repeatedly by this court that the certificate of the reporter adds nothing to the bill of exceptions and need not be incorporated therein. The settling and certifying the bill of exceptions containing the evidence are judicial acts and within the power of the trial judge, who must be allowed to exercise his own judgment in respect to the correctness of the evidence, ruling, exceptions, etc.,

therein embraced before it receives his approval. *Adams* v. *State* (1901), 156 Ind. 596, 602, 59 N. E. 24, and authorities cited; *Oster* v. *Broe* (1903), 161 Ind. 113, 121, 64 N. E. 918. As was said by the learned judge who wrote the opinion in the case first cited, ''The administration of law and justice has been invested by our Constitution in the judiciary, and judges, not clerks or stenographic reporters of evidence, compose this branch of the State's government.'' The bill of exceptions containing the evidence in this case was presented to the trial judge in due time and by him signed and made a part of the record in this case. It would be worse than useless to append to the longhand manuscript of the shorthand notes, a long recital of the fact that the reporter was duly appointed, sworn and took the evidence when the certificate of the trial judge is the only certificate that can be considered by this court. Such a procedure would only add to the expense of litigants and needlessly encumber the record.

On the trial of the cause, a witness testified that she saw some person leave the home of the prosecuting witness whom she did not know. The attorney for the State thereupon asked the witness the following question: ''I will ask you what size man; what appearance the man had as compared with the defendant, Bert Parker''; the attorney at the same time commanded the appellant to stand up, to which attorney for appellant objected on the grounds that the appellant had not yet testified, and that he was not required to furnish evidence against himself. The court then ordered the appellant to stand, to which appellant excepted. We are inclined to think the objection was not well taken, but without deciding that question we are of the opinion that appellant was not harmed by being compelled to stand for the reason the witness answered, ''About that tall, a little taller.''

The last question presented for our consideration is one of ordinary difficulty, and one on which the courts of the

several states are not in harmony. The prosecuting
3. witness testified in her examination in chief that the
first she saw of appellant he was passing in an open
buggy along in front of the house. On cross-examination
the witness admitted that she had testified in police court
on the preliminary hearing of this appellant, that she had
said the first she saw of appellant was when he came in the
back door. On reëxamination the witness was allowed to
testify that she had made the same statement she gave in
her testimony on the trial, to others and to the grand jury.
This was over the objection of appellant and is assigned here
as error.

It seems to be the rule in nearly all the states that where
a witness has been asked if he had not made statements to
others in conflict with testimony given on the trial, and
the witness denies making the statement and witnesses are
called to impeach the witness by showing he had made the
statement out of court, that witnesses may be called to show
that the witness, sought to be impeached, had made state-
ments to them or in their hearing, the same as given on the
trial by the witness. This is not allowed in all the states,
but where permitted, it is on the theory that if stated prior
thereto, the same as upon the trial, and at a time when there
was no opportunity to consider the weight or effect the state-
ment would have in the case, it would rebut the probability
of the truthfulness of the impeaching testimony.

Judge Cooley in the case of *Stewart* v. *People* (1871), 23
Mich. 63, 74, lays down what we think is the true rule to
be followed in such cases which is as follows: "If it were
an established fact that the witness had made the contradic-
tory statements, we should say that the supporting evidence
here offered was not admissible. If a witness has given
different accounts of an affair on several different occasions,
the fact that he has repeated one of these accounts oftener
than the opposite one, can scarcely be said to entitle it to
any additional credence. A man untruthful out of court

is not likely to be truthful in court; and where contradictory statements are proved, a jury is generally justified in rejecting the testimony of the witness altogether. But in these cases the evidence of contradictory statements is not received until the witness has denied making them, so that an issue is always made between the witness sought to be impeached and the witness impeaching him." It will be noticed that Judge Cooley holds that it is never admissible until an issue is formed by the witness *denying* having made the statements out of court.

It was an established fact by the admission of the witness herself that she had made the contradictory statements in the police court; hence no necessity arose for proving this statement and there was nothing to meet by showing she had made the statement at another time in conformity to her testimony on the witness stand.

For the error in admitting the evidence, heretofore set out, this cause is reversed with instructions to the court below to grant a new trial.

Cox, J., dissents.

## DISSENTING OPINION.

Cox, J.—I am unable to agree that this cause should be reversed on account of the admission of the testimony of the witness, which action the opinion of the court declares was both erroneous and prejudicial. It seems to me that the opinion of the court on this question is out of harmony, if not in conflict with many former decisions of this court. *Hobbs* v. *State* (1893), 133 Ind. 404, 32 N. E. 1019, 18 L. R. A. 774; *Ramey* v. *State, ex rel.* (1891), 127 Ind. 243, 26 N. E. 818; *Beauchamp* v. *State* (1842), 6 Blackf. 299; *Coffin* v. *Anderson* (1837), 4 Blackf. 395; *Walker* v. *State* (1894), 136 Ind. 663, 667, 36 N. E. 356; *Hicks* v. *State* (1905), 165 Ind. 440, 75 N. E. 641, and cases there cited. It appears to be in direct conflict with the holding of this court in *Hinshaw* v. *State* (1897), 147 Ind. 334, 371, 372, 47 N. E.

157. In that case a witness for the State had testified on her examination in chief that she saw no one running away from the scene of the alleged crime. On cross-examination for appellant, she testified that at first she had been under the impression that she saw the feet of men leaving the scene, as they disappeared behind a barn or woodshed, and that shortly after the tragedy she had so stated. On redirect examination she was permitted to testify over the defendant's objection that later when inquiry was made of her about the circumstance of the feet disappearing behind the barn, she made the statement that she did not see them. The court held that this was within the rule in this State which permits a witness to be sustained by proof of other statements in harmony with his testimony on the trial when an attempt is made to impeach him by contradictory statements. That the rule so declared in this State is not confined to this jurisdiction but has been announced in other states is shown by an extended monographic note in 41 L. R. A. (N. S.) 857, 904, 912, 938, which note also shows an astounding state of confusion on the entire subject. See, also, Underhill, Crim. Ev. (2d ed.) §223; 2 Elliott, Evidence §930.

But aside from any question of what the rule is or should be, I feel strongly that the transcript of the record before us does not present ground for reversal in permitting the witness on redirect examination to testify that she had testified before the grand jury in harmony with her testimony on the trial in the particular involved. If conceded to be technically erroneous to permit her to so testify, the bill of exceptions containing the evidence makes it obvious that it was harmless error. From the bill of exceptions it appears that on the trial the witness on her direct examination testified that she was in the front room of her house, a two room house which was near the street; that she saw appellant as he passed along the street in front of her home in a buggy; that in a little while she heard the dog bark in the

back room and looking through the door between the two rooms she saw appellant coming in at the back door. On cross-examination by appellant's counsel, the witness, for the purpose of impeachment by contradictory statements, was asked if she did not say in her testimony in the preliminary examination in police court that. when she first saw appellant was when he came in the. back door. She answered, "Yes, sir, I did say that, I got tangled so, I didn't know". By further persistent questioning appellant's counsel brought from the witness answers to the effect that while she did say while testifying in the examination in police court that she saw appellant first when he came in from the back she did not then think about seeing him pass in front; that she was there to tell the truth but so many questions were asked her by appellant's counsel that she got "so tangled" she "did not know what to say"; that while she did not tell on the witness stand in police court that she saw appellant first while he was passing in front that she did tell the prosecuting attorney so before she went on the stand.

Following this the witness was permitted on redirect examination to say that she had testified before the grand jury that she first saw appellant as he drove past in the street in front of her house. For this the cause is reversed. I, think it should. not be. In no sense was it greatly material whether the witness first saw appellant passing in front of her house or whether she had made inconsistent statements in that particular. The material thing was that she saw him come into her house and what followed thereafter. It was natural that merely seeing appellant pass in the street in front of the house made the lightest impression on the memory of the witness while his unceremonious entrance into the rear door of her home without legitimate reason found a deeper lodgment. What more natural then that when first called to testify against him she should state the fact that had strongly impressed itself on her memory to

Parker *v.* State—183 Ind. 130.

the exclusion of one far less material. Her admission that she had done so had little tendency to impair her credit as a witness. Considering all that was brought out by appellant's cross-examination of the witness as above stated, it is manifest that it did not establish any vital inconsistency in her testimony on the trial and that in the preliminary examination, but only an immaterial variation of detail fully explained and not at all calculated to impeach the credibility of the material part of her testimony. There was nothing in the evidence at all relating to this matter but that elicited from the witness. Appellant in no way showed that her cross-examination was not entirely true. How then could harm have come to appellant by proof of the testimony before the grand jury in harmony with her testimony on the trial in this one particular when no real inconsistency had been shown by the cross-examination? Conceding it to have been technically erroneous, it was palpably harmless. Its only purpose was to sustain the credibility of the witness against the attempted assault and if the matter brought out on cross-examination was ineffective to affect her credit, I can not see that that brought out on reëxamination to sustain it worked any harm to appellant.

Moreover it appears, as shown above, that the cross-examination by appellant's counsel brought out the fact that the witness before testifying in police court had told the prosecuting attorney that she first saw appellant as he passed in the street in front of her home. In view of that fact I fail to see how appellant can complain of the State's pursuing, on redirect examination, a course which counsel for appellant had opened and invited it into.

NOTE.—Reported in 108 N. E. 517. As to impeaching witnesses, see 14 Am. St. 157. As to the admissibility of previous statements by a witness out of court consistent with his testimony, see 41 L. R. A. (N. S.) 857. As to the right to compel accused to exhibit himself to determine identification, see 28 L. R. A. 699. See, also, under (1) 12 Cyc. 851; (2) 12 Cyc. 920; (3) 40 Cyc. 2760.