## WAGNER v. WAGNER ET AL.

[No. 22,813. Filed June 4, 1915. Rehearing denied October 8, 1915.]

1. PLEADING.—*Complaint.*—*Initial Attack on Appeal.*—Since §344 Burns 1914, Acts 1911 p. 415, went into effect, the sufficiency of a complaint can only be questioned by a demurrer, and an independent assignment of error on appeal that the complaint does not state facts sufficient will present nothing for review. p. 529.

2. APPEAL.— *Record.*— *Bill of Exceptions.*— *Consideration of Evidence.*—Where the bill of exceptions contained in the record does not show that it contains all the evidence given in the cause, the

evidence can not be considered and hence the sufficiency of the evidence to sustain the finding can not be determined. p. 530.

3. APPEAL.—*Record.*—*Bill of Exceptions.*—*Certificate of Court Reporter.*—The certificate of the court reporter appended to the transcript of the evidence is mere surplusage and constitutes no part of the bill of exceptions, so that the failure of the bill to show that it contains all the evidence is not cured by any recital in such certificate. p. 530.

From Ripley Circuit Court; *Robert C. Creigmile,* Judge.

Action by Louis Wagner and another against Nicholas Wagner. From a judgment for plaintiffs, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*James W. Fortune,* for appellant.
*H. W. Phipps* and *E. C. Hughes,* for appellee.

LAIRY, J.—The errors assigned in this court are as follows: "(1) Neither paragraph of appellee's complaint states facts sufficient to constitute a cause of action. (2) The court erred in overruling appellant's motion for a new trial." The first assignment of error presents no question for decision. By an act of the legislature it is provided that, "when a demurrer to any complaint is filed on the ground that the complaint does not state facts sufficient to constitute a cause of action, a memorandum shall be filed therewith stating wherein such pleading is insufficient for want of facts, and the parties so demurring shall be deemed to have waived his right thereafter to question the same for any defect not so specified in such memorandum." Acts 1911 p. 415, §344 Burns 1914. Since this act went into effect it has been held that the sufficiency of a complaint can be tested only by a demurrer which complies with this statute and that an independent assignment of error can not be based upon the insufficiency of the facts stated in the complaint. *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), *ante* 355, 108 N. E. 525, and cases cited.

The only question which appellant seeks to present under the second assignment of error is the sufficiency of the evidence to sustain the finding. This question can not be decided without a consideration of the evidence. The bill of exceptions contained in the record does not show that it contains all of the evidence given in the cause. Under such a state of the record the evidence can not be considered. *City of Alexandria* v. *Cutler* (1894), 139 Ind. 568, 39 N. E. 237; *Rector* v. *Druley* (1909), 172 Ind. 332, 88 N. E. 602. A statement contained in the certificate of the court reporter appended to the evidence transcribed by her and embodied in the bill of exceptions to the effect that the evidence so transcribed was all of the evidence given in the case can not be considered. Such a certificate is mere surplusage and does not constitute a part of the bill of exceptions. *Parker* v. *State* (1915), *ante* 130, 108 N. E. 517.

The record discloses no error and the judgment is affirmed.

NOTE.—Reported in 109 N. E. 47. Scope and effect of writs of error, see 91 Am. Dec. 193. See, also, under (1) 3 C. J. 785; 2 Cyc. 691; (2) 3 Cyc. 167; (3) 3 Cyc. 107.