## HAYES FREIGHT LINES, INC., ET AL. *v.* OESTRICHER

[No. 17,417.  Filed May 22, 1946.  Rehearing Denied October 4, 1946.  Transfer Denied December 17, 1946.]

144

*Carl M. Gray* and *Edward L. Waddle,* both of Petersburg, for appellants.

*Sanford Trypet,* of Princeton, for appellee.

DRAPER, J.—The appellee brought this action against the appellants to recover damages for personal injuries sustained by her as the result of an automobile accident.

From an adverse verdict and judgment for $2,300 the appellants prosecute this appeal. They assign as error the overruling of their motion for new trial which asserts error, among other things, in the giving and refusal of certain instructions.

The appellee's complaint alleges that she was riding in an automible being driven southward on a certain public highway at 8:40 P. M. on the day of the accident, and that the appellants were then and there operating three trucks and trailers northward along the same highway. It is alleged that the trucks and trailers were being negligently operated in that they were being driven with bright and blinding lights; on a part of the highway reserved for southbound traffic; at such high speed that the trailers swayed from side to side and over on the part of the road reserved for southbound traffic, so as to obstruct the use of the same for southbound vehicles; and that they were following each other too closely, to-wit: less than 150 feet apart. It is then averred that the collision producing appellee's injuries occurred as a result of each of the enumerated acts of negligence.

Among the instructions given by the court was the following:

"The plaintiff charges in her complaint herein that at the time and place of her injuries complained of said defendants were operating three certain trucks and trailers northward along highway 57 and that at the same time the plaintiff

was riding in an automobile being operated southward along said Highway 57; that said defendants carelessly and negligently operated said trucks, on meeting the automobile in which plaintiff was riding, as aforesaid, at such a high rate of speed that the trailers thereof swayed from side to side and over onto the half of the highway provided for southbound traffic so as to obstruct the use of same by southbound vehicles and that as a result thereof the automobile in which plaintiff was riding came into contact and collision with one or more of said trucks or trailers thereby inflicting the injuries upon plaintiff of which she complains.

"The court further instructs you that if you find from a fair preponderance of the evidence that said defendants, or any of them, were guilty of this act of negligence, and that plaintiff was injured as a proximate result thereof, all substantially as charged in plaintiff's complaint herein, and that plaintiff herself was not guilty of any act of negligence which contributed proximately to her said injuries, then under said circumstances your verdict should be in favor of the plaintiff and against the defendant or defendants, if any, whom you find to have been guilty of such act of negligence."

This instruction was objected to by the appellants on the ground that no evidence had been introduced in the trial of the case, sustaining and supporting the act of negligence alleged in appellee's complaint and set forth in this instruction. To support their objection the appellants now insist that no evidence was introduced which would justify the giving of the instruction. The appellee undertakes to meet appellants' contention by the assertion that evidence was introduced and given at the trial which proved or tended to prove, and was sufficient to prove, the act of negligence in question.

We have diligently searched the briefs and transcript of the evidence in this case, and nowhere can we find any evidence whatever which would in any way, directly

or inferentially establish or tend to establish the factual situation upon which this instruction is based.

Our books are full of cases which hold that instructions should be relevant to the issues and pertinent to the evidence, and if an instruction is given concerning a fact or set of facts to which no evidence has been adduced, it will be reversible error unless it clearly appears that the party affected was not harmed thereby. We cite only the following: *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238; *Chicago & Eastern Illinois Ry. Co.* v. *Whipking* (1933), 96 Ind. App. 167, 170 N. E. 548; *Bachus, Admx.* v. *Ronnebaum* (1934), 98 Ind. App. 603, 186 N. E. 386; see also *Loeser* v. *Simpson* (1942), 219 Ind. 572, 39 N. E. (2d) 945.

Since the case falls far short of being one in which it clearly appears that the party affected was not harmed by this erroneous instruction, the giving of it constitutes reversible error.

It is unnecessary to discuss other alleged errors, for if such there were, they will not likely again occur on a retrial of this cause.

Judgment reversed and cause remanded with instructions to sustain appellants' motion for new trial.

NOTE.—Reported in 66 N. E. (2d) 612.

## ON PETITION FOR REHEARING

DRAPER, J.—Prior to the filing of our original opinion in this case [66 N. E. (2d) 612] we overruled, without opinion, the appellee's motion to dismiss this appeal. In her petition for rehearing the appellee insists we erred in so doing, and we deem it advisable to put our reasons in writing.

The appellee first asserts this is a "term time" appeal which should be dismissed because, she says, no appeal

bond with penalty and surety approved by the court was ever filed.

The distinctions between term time and vacation appeals have been abolished. The giving of a bond was not necessary to the perfection of this appeal. To file or not to file a bond was optional with the appellants, depending upon whether or not they desired the suspension of the enforcement of the judgment pending appeal. Rule 2-3, 1943 Revision. Whether the bond actually furnished was properly filed and approved so as to justify an order staying execution pending appeal is not before us. Assuming *arguendo* that it was not, that fact would not affect appellants' right to appeal in this case.

It is next insisted that the motion for new trial was not properly filed. The verdict was returned on April 3, 1945. On May 1, 1945, the court being then in vacation, the appellants caused the motion for new trial to be taken to the clerk's office. The court reporter, who was present at the clerk's office, took the motion and made a notation in the bench docket as follows: "Comes now *the defendant* and files motion for new trial herein." (Our emphasis.) She then handed the motion to the clerk, who stamped the file mark thereon and placed it on file with the other papers in said cause, where it has since remained. The clerk then made an entry in the civil order book showing the filing of said motion. It does not appear that the clerk made a minute of the filing in the entry docket, showing the date of filing and affixing his initials thereto, or made a vacation order-book entry showing the filing and the date thereof, all in accordance with the requirements of § 2-2403, Burns' 1933.

The motion was delivered to the clerk for filing at the latter's office within the time allowed. The record

made was sufficient to furnish evidence of the filing and to call the motion to the attention of the court. Under such circumstances the failure of the clerk to properly record the evidence of the filing will not be permitted to deprive the appellants of their right to appeal, and the filing will be held to be sufficient. *Morthland* v. *Lincoln National Life Insurance Co.* (1943), 220 Ind. 692, 42 N. E. (2d) 41, 46 N. E. (2d) 203.

The appellee lastly challenges the form of the bill of exceptions containing the evidence and the sufficiency of its filing, the bill being the foundation upon which the errors asserted by the appellant depends.

She insists the bill does not show what it purports to bring into the record, whether the evidence, instructions or what not; that the certificate of the trial court does not state that it contains all or any of the evidence given in the cause or that the evidence set forth therein was actually given; that it has neither formal commencement nor conclusion; that it was filed in vacation and that the transcript does not show where or in what court it was filed, or that it was ever properly filed.

We first take up the question of filing. A bill of exceptions may properly be filed in vacation. Rule 2-3 provides that "Every bill of exceptions tendered prior to the filing of the transcript (which, of course, must itself be timely filed) in the appellate tribunal shall, if correct, be signed by the Judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate." It is no longer necessary to obtain time for the filing of bills of exceptions. *Treesh* v. *DeVeny* (1945), 116 Ind. App. 305, 64 N. E. (2d) 41. The rule itself grants time. The bill may be signed by the *judge* and filed with the *clerk* either in term-time or vacation.

As to the failure of the transcript to show a filing

of the bill, or where or in'what court it was filed, the bill itself bears the file mark of the clerk of the ■ Warrick Circuit Court [*Walner* v. *Capron* (1946), 224 Ind. 267, 66 N. E. (2d) 64] and the certificate of the clerk of that court plainly recites that ". . . the Bill of Exceptions incorporated in this transcript is the original and that the same was filed in the clerk's office and made a part of the record in this cause . . ." on the date as shown.

As to the other objections, the bill is certainly not a work of art, and under the statutes formerly governing appeals, as interpreted and applied in the ■ earlier cases in this and the Supreme Court, it might be successfully challenged. The present rules, however, as adopted and promulgated by our Supreme Court, were designed to simplify appellate procedure, and remove the pit-falls that formerly plagued the unwary, and they have been uniformly liberally construed to accomplish that purpose.

It is true the bill has neither formal commencement nor conclusion, nor in fact any introductory statement as to what it purports to be or to contain. But ■ we need not confine ourselves to an examination of commencement or conclusion. In determining its sufficiency as a bill of exceptions against the objections urged we must examine the instrument as a whole. *Kist* v. *Coughlin* (1944), 222 Ind. 639, 57 N. E. (2d) 199, 57 N. E. (2d) 586. Such an examination reveals, following a caption which discloses the title, number and venue of the case and the appearances therein, a typewritten recital of the evidence, and following that the statement "And this was all of the evidence introduced and given in the trial of this case." The signature of the trial judge was affixed to the "Judge's Certificate to Bill of Exceptions" which followed.

The rule requires the trial judge to sign a bill of exceptions *if correct*. Rule 2-4. By his signature he certified as correct that which preceded it, including the statement "And this was all of the evidence introduced and given in the trial of this case." In our opinion an examination of the instrument as a whole discloses it to be a bill of exceptions which contains the evidence, all of the evidence and the only evidence given in the cause.

We, therefore, adhere to our previous ruling denying the motion to dismiss. We are content to let our original opinion on the merits stand, and the petition for rehearing is, therefore, overruled.

NOTE.—Reported in 68 N. E. (2d) 792.