LIVINGSTON, ADMINISTRATOR ETC. *v.* LIVINGSTON, TRUSTEE.

[No. 19,541. Filed December 8, 1961.]

*Vosloh & Vosloh* and *K. Parker Vosloh*, of Bloomfield, for appellant.

*John O. Moomaw* and *George E. Jackson*, both of Bloomfield, for appellees.

COOPER, J.—This appeal comes to us from the Greene Circuit Court wherein the appellant, Raymond Livingston, Administrator of the estate of Alvira Livingston, brought an action in one paragraph praying that a purported deed be declared to be a testamentary disposition of a certain piece of real property.

The record reveals that after the closing of the issues, the cause was submitted to the court without a jury; the decision of the court was in favor of the defendant, appellee herein.

Thereafter, the appellant duly filed his motion for new trial, the same was overruled, and this appeal followed.

Although we have stated in many cases that we would prefer disposing of cases on the merits, we are compelled to affirm this cause for reasons we will hereinafter set forth.

The appellant's brief herein fails to comply with Rule 2-17 of our Supreme Court which has the force and effect of law; the pertinent part of said Rule reads as follows:

"Appellant's Brief. The brief of appellant *shall* contain short and clear statements disclosing: . . . (d) A concise statement of so much of the record as fully presents every error and objection relied upon, referring to the pages and lines of the transcript. . . ." (Our emphasis.)

It is the general rule of law that the appellant's brief must be prepared so that all questions can be determined by the court from an examination of the brief without examining the record, as there is only one transcript to be shared among all the judges, and both the Supreme Court and our court have held in many cases that assigned errors that are not treated in the appellant's brief as required by said rule

are waived, the penalty for such failure to comply is an affirmance of the judgment; also, the appellee need not supply such omissions, but may rely upon the court to enforce the rule. See §§2675 and 2676, Flanagan, Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, and authorities cited therein.

Having searched the appellant's brief herein, it affirmatively appears that his brief does not contain a copy of his assignment of errors, or any statement concerning its context; neither does he give the page or line of record where the same may be found, and, under Rule 2-17 of our Supreme Court, and cases applicable to such situation, no question is presented to this court concerning the same. See *Milburn* v. *Waggoner* (1932), 94 Ind. App. 247, 250, 180 N. E. 606; *Howard* v. *Palmer* (1932), 94 Ind. App. 80, 179 N. E. 732; *Williams* v. *Williams* (1953), 123 Ind. App. 495, 112 N. E. 2d 305; *Hickey* v. *Estate of Hickey etc.* (1956), 127 Ind. App. 9, 13, 136 N. E. 2d 722.

In the recent case of *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, at 534, 150 N. E. 2d 883, our Supreme Court, in a Per Curiam opinion, in interpreting Rule 2-17(d), stated:

> "In order to present error on appeal it must be specified in the assignment of errors, and such specification or specifications, or the substance thereof, must appear in the 'Concise Statement of the Record' under Rule 2-17(d). Without such compliance the Judges cannot give intelligent consideration to the issues in the appeal without resorting to the record, which the rules seek to avoid. When there has been such an omission, the judgment will be affirmed. *Huges* v. *State Bank of W. Terre Haute* (1954), 124 Ind. App. 511, 512, 117 N. E. 2d 563; *Williams* v. *Williams* (1953), 123 Ind. App. 495, 112 N. E. 2d 405; *Witte* v. *Witte* (1953), 123 Ind. App. 644, 646, 113 N. E. 2d 166; *Branson* v. *Branson* (1935), 100 Ind. App. 81, 193

N. E. 686; *McBride* v. *State ex rel. McKinley* (1933), 97 Ind. App. 305, 186 N. E. 388."

By reason of what we have heretofore said, we are compelled to affirm the judgment.

Ryan, C. J., Ax and Myers, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 466.