## LONG v. WOOLLENWEBER.

[No. 20,007. Filed April 20, 1964.]

*Allen E. Goltra* and *Goltra & Kershaw,* of Columbus, for appellant.

*Charlton J. Walker* and *Walker & Conner,* of Columbus, for appellee.

PFAFF, J.—This is an appeal from the final judgment of the Bartholomew Circuit Court in which the court found for the appellant and entered judgment for the appellant in the sum of One Hundred Five Dollars ($105.00) on appellant's complaint. The complaint was to recover back support money from her former husband who is the appellee herein.

Prior to the above action and the divorce proceeding the parties entered into a separation agreement which was incorporated into and made a part of the divorce decree. This agreement and decree established the support money to be allotted the wife and constituted the basis for the action to recover back support, which judgment is now being appealed. The appellant, however, has failed to set out in her brief the divorce decree, which we consider to be a vital part of her case. Appellant relies heavily on certain sections of the decree and makes reference to said sections, but nowhere in her brief is the decree set out in full. There is a long line of authority in Indiana to the effect that briefs must be so presented that all questions on as-

signed errors can be determined from the briefs without looking to the record. *Wilt* v. *Board, etc.* (1913), 54 Ind. App. 240, 102 N. E. 878; *Hauser* v. *Markwell* (1942), 111 Ind. App. 420, 41 N. E. 2d 652. It is also clear that an omission of evidence, such as the divorce decree herein, from the appellant's brief waives questions of sufficiency of evidence and being contrary to law. *Johnson* v. *Johnson* (1946), 117 Ind. App. 117, 69 N. E. 2d 606; *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166; *Mendenhall, Extr., etc.* v. *Lay* (1953), 123 Ind. App. 486, 111 N. E. 2d 662.

In the recent Indiana case of *Baltimore & Ohio Railroad Co.* v. *Lilly Paint Products* (1963), 135 Ind. App. 46, 188 N. E. 2d 278, 281, where a similar question arose before this court, wherein the appellant failed to set out certain documents in his brief which were necessary to appellant's case on appeal, this court stated:

" . . . In the absence of said documents in the condensed recital of the evidence in appellant's brief or any showing that no part or provisions of the same had or could have had any bearing or decisive influence upon the decision as made by the trial court, we must assume, in support of the court's decision, without search of the record, that the documents contained sufficient to warrant the court's interpretation and construction thereof under all the facts and circumstances made apparent by the evidence."

In view of the authority in this state that such evidence relied upon by the appellant is a necessary part of her brief, this court is duty-bound to affirm the lower court's judgment even though we prefer to decide the cases on the merits.

Judgment affirmed.

Hunter, P. J., Kelley and Mote, JJ., concur.

NOTE.—Reported in 197 N. E. 2d 652.