141 Ind. App. 467 (1967)
229 N.E.2d 740
SIMPSON
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.
No. 20,772.
Court of Appeals of Indiana.
Filed September 25, 1967.
Rehearing denied November 30, 1967.
Transfer denied January 18, 1968.
Marvin Simpson, of Anderson, for appellant.
William Mathany, of Indianapolis, for appellee.
COOPER, J.
This is a judicial review of a decision of the Review Board of the Indiana Employment Security Division in which said Board entered a negative finding against the Appellant herein.
The matter is now before us upon the Motion of the Appellee, Review Board of the Indiana Employment Security Division to Dismiss or Affirm, said Motion averring the failure of the Appellant's brief to comply with several sections of Rule 2-17 of the Rules of the Supreme Court of Indiana. After reviewing *468 the Appellant's brief, which the Appellee criticizes, we are of the opinion that the Appellant has not made a good faith effort to comply with the said Rule 2-17 of the Rules of the Supreme Court.
The rules of procedure as defined by the Supreme Court of this state have the force and effect of law and are binding upon the litigants and this court alike. James C. Curtis & Co., v. Emmerling, et al. (1941), 218 Ind. 172, 31 N.E.2d 57.
In order for this court to decide this cause upon the merits, because of the insufficiency of the Appellant's brief, it would be necessary for us to resort to and search the record and this we are not compelled to do. Yiatros v. Cole, et al. (1946), 117 Ind. App. 19, 21; 68 N.E.2d 657, and authorities cited.
Rule 2-17 has been in force and effect for the past several years. The law is well settled that when an appellant has not substantially complied with such rule, the appellee need not supply the omissions, but may rely on the court to enforce the rule. Snow v. State of Indiana (1954), 234 Ind. 234, 236, 125 N.E.2d 802, and authorities cited.
It appears that a reasonable time has elapsed since the numerous omissions in the appellant's brief were called to the attention of the Appellant, but notwithstanding there has not been any request for authority to amend said brief.
Where, as in the case at bar, the Appellant does not comply with Rule 2-17, the penalty is an affirmance of the finding or decision rather than the dismissal of the review. Public Service Commission of Indiana, et al., etc. v. Indiana Bell Telephone Company (1953), 232 Ind. 332, 108 N.E.2d 889.
For the reasons above stated, the finding or decision of the Review Board of the Indiana Employment Security Division is in all things affirmed.
*469 Carson, P.J., Faulconer, Prime, Bierly, Cook, Smith, JJ., Pfaff, C.J., concur.
NOTE.  Reported in 229 N.E.2d 740.