CONEY *v.* FARMERS STATE BANK.

[No. 369A52. Filed April 6, 1970. Rehearing denied May 21, 1970. Transfer denied November 16, 1970.]

484

*Robert C. Probst, Probst & Probst,* Kendallville, for appellant.

*F. LeRoy Wiltrout,* Elkhart and *LeRoy K. Schultess,* LaGrange, for appellee.

PER CURIAM.—This matter is before us on the Order of the Supreme Court of Indiana remanding this cause to this Court for an opinion setting forth the reasons for granting the appellee's Motion to Affirm.

This is an appeal from the LaGrange Circuit Court wherein the trial court entered judgment for the appellee herein and against the appellant, Bernice Coney. The assigned error on appeal is that the trial court erred in overruling the appellant's motion for new trial. The appellant has argued in her brief only the following causes of her motion for new trial:

"3. Error in the awarding of attorney's fees in behalf of the attorney representing the plaintiff in that the attorney was an officer of the bank and that no attorney's fees have ever been paid by the bank to this attorney, all as shown by the record and the evidence.

"4. That the decision of the Court is not sustained by sufficient evidence.

"5. That the decision of the Court is contrary to law."

The appellee's Motion to Affirm alleges that each of these specifications of error urged by the appellant requires a con-

sideration of the evidence, and that there is no bill of exceptions containing the evidence in the record in this cause. The appellee's specific argument is as follows:

"5. There is no bill of exceptions containing the evidence in the record in this case. What appellant apparently considers as such is not a bill of exceptions and is not a part of the record for the following reasons:

a. There appears, beginning on page 37 of the transcript and extending through page 85, what appears to be questions asked of various witnesses, answers, objections, rulings and exhibits. This is followed on page 86 by a certificate of a court reporter in a form which might be used by a court reporter in preparing a transcript of evidence. However, the purported bill of exceptions contains no certificate of the judge as required by Rule 2-3 and the decisions of this and the Supreme Court.

b. The purported bill of exceptions contains no caption or formal commencement or introductory statement of any kind."

We have carefully examined the transcript and find that the bill of exceptions is not complete. There is no formal commencement to the bill of exceptions. There is no caption identifying the bill of exceptions. There is nothing to identify the purported bill of exceptions as being a part of this particular cause. It begins with what appears to be a colloquy between the Court and counsel. It does not contain any ending phrase indicating this was all of the evidence given in the case.

Immediately following what purports to be the transcript of the evidence is the certificate of Gene Plasterer, the court reporter of the LaGrange Circuit Court, which certificate is in the proper form and certifies that the foregoing manuscript is a full, true, correct and complete copy of the evidence, objections thereto, the Court's rulings and documentary evidence, and that said manuscript is a full, true and correct record of the evidence and contains all of the evidence given. However, it has long been held that the

certificate of the reporter adds nothing to the bill of exceptions, need not be incorporated therein, and when it is included, it is mere surplusage. *Rowan* v. *State* (1916), 184 Ind. 399, 111 N. E. 431; *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47; *Parker* v. *State* (1915), 183 Ind. 130, 108 N. E. 517; *Walsh* v. *Gilmore* (1960), 130 Ind. App. 307, 164 N. E. 2d 358.

We cannot determine, from examining the forty-nine pages immediately preceding the reporter's certificate, what they purport to be. There are questions and answers. But there is nothing to identify these questions and answers. Conceivably they could be part of a conditional examination; or they could be from a preliminary hearing; *or they could be from an entirely different cause of action than the one before us.* Moreover, as there is no showing of a beginning or an end, we cannot determine whether it is partial or complete. This is totally insufficient as a bill of exceptions.

We are aware of the recent cases holding that we must examine the bill of exceptions as a whole to ascertain whether or not it contains words which indicate clearly and unmistakably that the bill does contain all the evidence. *Kist* v. *Coughlin* (1944), 222 Ind. 639, 649, 57 N. E. 2d 199, 203; *Morrow, Inc.* v. *Munson et al.* (1958), 129 Ind. App. 113, 117, 150 N. E. 2d 256; *Hayes Freight Lines* v. *Oestricher* (1946), 117 Ind. App. 143, 150, 66 N. E. 2d 612, 68 N. E. 2d 792 (transfer den.). In this case we cannot determine from what purports to be the bill of exceptions that it contains all the evidence, or even that it contains the evidence given in this particular cause.

The appellee next argues there is no certificate of the judge as required by Rule 2-3 of the Supreme Court and the decisions of the Supreme and Appellate Courts. With this we cannot agree. Immediately preceding the judge's certificate, the following appears:

"Bill of exceptions tendered and approved and ordered filed, as per WRITTEN ENTRY FURNISHED:"

On the next page appears the judge's certificate in proper form. Appellant's counsel, by marginal note, has denominated this as "Judge's Written Entry."

Notwithstanding the incorrect marginal notation identifying the Judge's Certificate as the "Judge's Written Entry," we will look to the substance of the form and not to the title. *Oster* v. *Broe* (1903), 161 Ind. 113, 133, 64 N. E. 918; *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 543, 38 N. E. 2d 847; *John's Cash Furn. Stores, Inc., et al.* v. *Mitchell* (1955), 126 Ind. App. 231, 235, 125 N. E. 2d 827, 127 N. E. 2d 128 (Reh. Den.)

Three pages later appear two printed forms, each of which is entitled Judge's Certificate, and appellant's counsel in his marginal notes has identified these as "Judge's Certificate." These latter two certificates are not the form of judge's certificate required to settle a bill of exceptions. These are forms of congressional certification in which the judge certifies that the clerk certifies the clerk and the reporter are the clerk and the reporter, and the clerk certifies that the judge is the judge. These certifications not being required, are surplusage.

In our examination of the transcript we discover another defect, however; namely, that there is no order book entry showing that the purported bill of exceptions was filed with the clerk, and the clerk's certificate makes no reference to the bill of exceptions, either that the bill of exceptions is contained in the transcript or that the bill of exceptions was filed with the clerk.

Rule 2-3 of the Rules of the Supreme Court of Indiana provides in part as follows:

"Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, *which filing may be evidenced by an order book entry or the clerk's certificate.*" (our emphasis)

Where it is not properly shown that the bill of exceptions was filed, it is not part of the record on appeal. *Findling* v. *Findling* (1963), 134 Ind. App. 661, 186 N. E. 2d 892; *McCracken* v. *Hunter* (1962), 134 Ind. App. 157, 186 N. E. 2d 884. Courts speak by their records, and an appellate tribunal can only be informed from the record made up of the entries by the clerk and the bill of exceptions certified by the trial judge and duly filed with the clerk. *Findling* v. *Findling, supra; Philips* v. *State* (1930), 202 Ind. 181, 172 N. E. 904; *Riley* v. *The State* (1897), 149 Ind. 48, 48 N. E. 345.

As the evidence is not properly in the record, no question is presented by the motion for new trial filed herein which requires a consideration of the evidence. For this reason alone, the motion to affirm must be sustained.

There is yet another reason why the motion to affirm should be sustained. The motion to affirm next alleges that it is apparent from appellant's brief that there has not been a good faith effort to comply with Rule 2-17 of the Rules of the Supreme Court, nor is there any substantial compliance therewith.

After having examined the appellant's brief, we agree with the appellee.

The summary of the record set out in the appellant's brief does not set forth any of the pleadings, or a summary thereof. Only in that part of the brief stating what the issues were does the appellant make any reference to the pleadings tending to disclose the nature of the complaint and the answer. This is not sufficient even as a summary statement of the record. Appellant states the plaintiff filed a reply but does not make any statement as to its contents.

The appellee further points out, and we note that the summary statement of the evidence, which is contained in 49 pages in the transcript, has been condensed into 3 pages in the appellant's brief. There are brief summaries of the testimony

of three persons, but we cannot determine whether the testimony set out was given on direct or cross examination. We cannot determine whether these three witnesses were the only witnesses to testify. We cannot determine where in the transcript the evidence purported to be summarized can be found. We cannot determine from the briefs what the exhibits were, including the check which is the subject of the controversy.

The appellant's brief should be prepared so that each judge, considering the brief alone and independent of the transcript, can intelligently consider each question presented. *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306; *Pennsylvania R. Co.* v. *Mink* (1966), 138 Ind. App. 311, 212 N. E. 2d 784; *Vanderkooi* v. *Echelbarger* (1968), 250 Ind. 175, 235 N. E. 2d 165. The appellant's brief must be prepared so that all questions can be determined by the Court from an examination of the brief without having to examine the record, because there is only one transcript to be shared among all the judges. *Long* v. *Woollenweber* (1964), 136 Ind. App. 69, 197 N. E. 2d 652; *Livingston* v. *Livingston* (1961), 132 Ind. App. 572, 178 N. E. 2d 466.

It has been consistently held that the Rules of the Supreme Court of this state have the force and effect of law and are binding upon the litigants and this court alike. *James C. Curtis & Co.* v. *Emmerling et al.* (1941), 218 Ind. 172, 31 N. E. 2d 986.

Where the appellant does not comply with, or at least make a substantial compliance with the requirements of Rule 2-17 in the preparation of the appellant's brief, the penalty is the affirming of the finding or decision sought to be appealed. *Public Service Commission of Indiana et al.* v. *Indiana Bell Telephone Company* (1953), 232 Ind. 332, 108 N. E. 2d 889, 112 N. E. 2d 751; *Simpson* v. *Review Board of Indiana Employment Sec. Div.* (1967), 141 Ind. App. 467, 229 N. E. 2d 740; *Pope* v. *Huffman* (1967), 141 Ind. App. 455, 228 N. E.

2d 886; *Yuhas* v. *Review Board of Indiana Employment Sec. Div.* (1969), 145 Ind. App. 625, 252 N. E. 2d 254.

For all of the above and foregoing reasons, the appellee's Motion to Affirm is sustained. Costs vs. appellant.

White, J., dissents with opinion, in which Sullivan, J., concurs.

### DISSENTING OPINION

WHITE, J.—The fundamental juridical question before us on this motion is the extent to which courts should tolerate deviation by attorneys from established rules of procedure without penalizing the client for the deviation. Some procedural uniformity must be maintained in every court, else confusion will render adjudication impossible. But to require overly strict adherence to arbitrary rules often is merely to permit judges to close cases without deciding controversies.

Appellate tribunals must, and do, make two basic demands of litigants who seek to correct alleged errors of trial courts: 1) The appealing party must file a written statement setting forth what the court below did, or omitted, which was error and why it was error, and, 2) he must bring the appellate court a record which proves the act or omission complained of. We, like all courts of appeal, operate pursuant to rules which lay down more or less specific requirements for the various documents by means of which appellants must meet those basic demands. And sometimes we allow mere detail in those rules to become more important than the basic purposes they were designed to serve. Neglect of detail does not always defeat those purposes. Sloppy briefs are sometimes more cogent than other precisely correct tomes of redundant pedantry. Care should always be exercised to avoid penalizing litigants for procedural deviations which do not defeat the justifiable basic purpose of the rule violated.

In the case at bar, as the court's opinion makes clear, the traditional procedure for making the evidence a part of the

record has not been scrupulously followed. Pages 36 through 89 of the transcript of the record are what has obviously been intended to be a bill of exceptions containing all the evidence at the trial of this cause, but it is devoid of the usual "BE IT REMEMBERED" type of introductory statement or formal commencement sometimes deemed essential to such a bill. It begins with a page which appears to be the transcription of a colloquy between court and counsel commencing after plaintiff's opening statement. That page concludes with these lines:

"Court: Well, that motion will be overruled. I think we'll proceed with the trial."

This leaves me without doubt that what follows is the testimony of witnesses at the trial. The recitals in a court reporter's certificate (which is page 86) confirm this belief and assure me that what I have seen on pages 35 through 85 "is a full, true and correct record of all of the evidence given upon the trial of said cause." This is further confirmed on page 89 by what the court's opinion calls the judge's certificate and which I have no trouble accepting as such, even though appellees could not. It also certifies that the bill was filed with the clerk and the preceding page clearly indicates that the judge's certificate was also filed as an order book entry. That page (page 88) concludes, as quoted in the Per Curiam opinion: "Bill of exceptions tendered and approved and ordered filed, as per WRITTEN ENTRY FURNISHED."

The bill of exceptions also bears in several places the "Filed" stamp of the clerk. In *Walner* v. *Capron* (1946), 224 Ind. 267, 274, 66 N. E. 2d 64, the Supreme Court said:

"Rule 2-3 was made for the purpose of simplifying the filing of a bill of exceptions. It provides that the filing may be evidenced by an order book entry or by a certificate of the clerk. In the instant case it is shown by the clerk's stamp, as having been filed with the clerk in open court on the date it was sealed and made a part of the record by the

judge. While this may not be the best way to show a filing with the clerk, we believe it is sufficient as it conclusively shows that it was delivered to the clerk for filing and by him filed in open court on the day it was settled and sealed by the judge." (224 Ind. at 274.)

The clerk's certificate to the transcript of the record is less specific in the case at bar, but it did certify that it contained "all papers and entries in said cause required by the . . . praecipe." The praecipe for the transcript called on the clerk "to make a part thereof, without copying, the Bill of Exceptions containing the evidence given in this cause."

The bill was signed by the judge and its filing with the clerk is shown by his file mark, as well as the judge's certificate which became an order book entry. It is, therefore, a part of the record and we should consider it the transcript of the evidence at the trial unless its want of a formal commencement renders it so unintelligible as to be unreliable.

Admittedly, I would find it much easier to recognize this part of the transcript as a verbatim account of what happened at the trial if it commenced with some familiar label such as, "Bill of Exception" or "Transcript of the Evidence" followed by some introductory statement to the *effect* that what follows is a verbatim account of what happened at the trial of this case. But the want of that label and that introduction creates for me merely inconvenience—not uncertainty as to authenticity. Nor do I believe the majority of the court are beset by any more than a speculative or legalistic uncertainty that the transcript contains the evidence adduced at the trial. For instance, their opinion states that "[t]he summary statement of the evidence, *which is contained in 49 pages in the transcript,* has been condensed into 3 pages in the appellant's brief." (My emphasis.)

The court's opinion acknowledges an awareness of recent decisions (which it cites) requiring an examination of the bill of exceptions as a whole. But the majority opinion fails to

point out that in one of those cases, *Morrow, Inc.* v. *Munson* (1958), 129 Ind. App. 113, 117, 150 N. E. 2d 256, the bill of exceptions contained no "formal commencement or introductory statement of any kind." (129 Ind. App. at 117.) Nevertheless the court, *en banc*, with only one dissent, found that "the bill of exceptions . . . examined as a whole is sufficient as a bill of exceptions containing the evidence." (129 Ind. App. at 119.)

That conclusion was based on these facts:

"The record discloses that an order book entry made on the 30th day of July, 1956, recites that plaintiff's bill of exceptions No. 1 containing the evidence was filed. The questioned bill then follows, and it bears the file mark of the Clerk of the trial court showing that it was filed on that date. The dates various witnesses testified appear in the bill and such dates correspond with the order book entries showing the dates of the trial. The testimony of witnesses is preceded by a statement as to who called the witness, the plaintiff or defendants and counter-claimants. Following the evidence is the statement, 'and this was all the evidence given in said cause.' The Reporter's certificate bears the title of the case and the name of the court and certifies that the evidence preceding her certificate is a full, true and complete transcript of all the evidence given in said cause. The judge's certificate is signed by the regular judge of the trial court and bears the title of the case and the name of the court and certifies that, 'This Bill of Exceptions No. 1 correctly sets forth and contains all the evidence given in the trial of said cause.' " (129 Ind. App. at 117.)

Judge Pfaff's opinion also quotes at length from *Hayes Freight Lines* v. *Oestricher* (1946), 117 Ind. App. 143, 68 N. E. 2d 792, in which also " 'the bill has neither formal commencement nor conclusion, nor in fact any introductory statement as to what it purports to be or to contain.' " (129 Ind. App. at 119.)

The court's opinion herein also relies on alleged defects or deficiencies in appellant's brief as an additional reason for refusing to hear this appeal on its merits. Two of the de-

ficiencies (those pointed out in the motion) are, 1) a failure to summarize or set out the pleadings in the summary of the record and, 2) that forty-nine pages of evidence are condensed into three pages of summary. The court cited cases to support the assertions, 1) that "appellant's brief must be prepared so that all questions can be determined . . . from . . . the brief without having to examine the record" and, 2) that absent "substantial compliance with . . . Rule 2-17 . . . the penalty" is affirmance without consideration of the merits. Yet neither appellee nor the majority point out *how* the omission of the pleadings or the omission of some of the details of the evidence in any way impedes a full understanding of the questions presented.

The majority has failed to cite *West* v. *Indiana Insurance Company* (1969), 143 Ind. 298, 247 N. E. 2d 90, 17 Ind. Dec. 347, in which the Supreme Court said that:

"two propositions may fairly be drawn from a literal interpretation of the new rule. [Now 'old' Rule 2-17.]

"(1)   The appellant is only required to set forth a *summary* of the record which *he believes* to be pertinent to the issues. This means that he is not required to set out even the pertinent parts of the record verbatim. Further, it is the appellant, not the Appellate Court, who determines what portion of the record is relevant to the issues. If the appellant summarizes that portion of the record which he believes is pertinent to the issues on appeal, at least this portion of his brief should be sufficiently adequate to prevent a dismissal of the appeal.

"(2)   This summary statement of the record in the brief shall be taken to be accurate and sufficient unless the opposite party in his brief shall make the necessary corrections or additions. Thus, a dismissal would be entirely improper where the appellant had made a good faith attempt to comply with this rule and the appellee had not made substantial corrections or additions in his own brief." (247 N. E. 2d at 93.)

The reference to "a good faith attempt" introduces some ambiguity into an otherwise succinct and useful interpretation of

the rule.[1] No objective criteria for determining the presence or absence of "good faith" is furnished, nor does *West* suggest to me that we should arbitrarily find a want of good faith merely because of a failure to mention the pleadings in the summary of the record or because forty-nine transcript pages of evidence are condensed into three pages of brief. For aught that we are told, all that has been omitted from each of these summaries may well be irrelevant to the issues which appellant is attempting to raise on this appeal.

And finally, the court's opinion seems to assume that under the Supreme Court's order of January 22, 1970, by which it was

". . . ORDERED that this matter be remanded to the Appellate Court for an opinion setting forth the reasons for granting the motion to affirm,"

we can do no more or less than to defend our original order of affirmance by stating reasons for it. If that be true, I must confess that I was in error when I voted to affirm. I relied on a good faith (but mistaken) representation that the trial judge had not certified the bill of exceptions. If a majority of the judges should now entertain similar convictions of prior error, it seems to me unreasonable to assume that we would be without jurisdiction to rectify such error.

Since we entered our order of affirmance, the new rules of appellate procedure have become effective.[2] Appellate Rule

---

1. New rule AP 8.3(A) prescribes the contents and arrangement of the appellant's brief. The nearest thing to a summary of the record or a summary of the evidence is:

"(4) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below, including a verbatim statement of the judgment.

"(5) A statement of the facts relevant to the issues presented for review, with appropriate references to the record."

See also *Fairwood Bluffs Conservancy District v. Imel* (1970), 146 Ind. App. 352, 255 N.E.2d 674, 20 Ind. Dec. 362, footnote 1 and related text.

2. Supreme Court order of July 29, 1969, "In the Matter of the Adoption of Rules of the Court." That order reads, in part: "2. The current rules of the Supreme Court of Indiana shall remain in effect until midnight on the 31st day of December, 1969, when they shall be abrogated and superceded by the appended rules;".

15 (M) relates to "Order or relief granted on appeal." In pertinent part it provides:

"The court . . . may order:
\* \* \*, or ·
(6)    grant any other appropriate relief, and make relief subject to conditions."

Under Rule AP 15 (M) (6), as I understand it and believe it should be interpreted, we have the power to affirm on condition that specified defects in the record and/or the appellant's brief have not been cured within a time specified (and to provide for the filing by appellee of its brief within thirty days after and if we further order that defects have been cured). Rule AP 7.2 (C) provides for correction of the record.[3] Rule AP 8.4 (A) provides for amendment of briefs.[4]

In my opinion that is the appropriate relief for the defects the *Per Curiam* opinion finds to exist. If I were in agreement

---

3.    Rule AP 7.2 (C) is somewhat changed by the Supreme Court from the wording in which it passed the Legislature as Rule 75 (d) [Acts 1969 at p. 677]. It still provides, however, in its first sentence that "[i]f, on appeal, any differences as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth." It also retains this language from the original enactment:

"Any court on appeal shall have full power to compel any inferior court, board, or officer exercising judicial functions, or other person, to certify to such court a full and complete transcript of the records and proceedings of any such tribunal, board, officer or person, and the production of any paper, whenever it shall be necessary for the proper determination of any causes or proceeding pending before the court on appeal. The breach of any order may be punished as a contempt."

We possess the powers granted to us by Rule AP 7.2 (C) even though no one has asked us to exercise those powers. I see no valid basis for objction to our treating appellee's motion under the old practice as an application under the new rule. If a majority of us doubt that pages 37 through 85 of the record now in our hands is a true and complete transcript of all the evidence given at the trial of the cause, we can send the record back to the trial court with an order that a transcript of all the evidence offered and received at the trial be included therein and the record made to show in clear, unequivocal, and unmistakable language that it does contain such transcript, specifying the pages thereof.

4.    "(A)    Amendment of briefs. Upon notice to the adverse party, and the presentation of a verified application setting forth the proposed amendment and the reasons on which it is based, the court in its discretion may grant leave to amend briefs, upon such terms as it shall prescribe.

with the majority that we cannot, or should not, grant appellant any consideration of the merits of her appeal because of defects in the record and her brief, I would, nevertheless, not arbitrarily affirm. I would consider affirmance and unjustly harsh penalty to impose on the layman-client-appellant for what, at worst, can be called merely technical omissions of her attorney. For the client's sake alone, application of procedural rules to defeat decisions on the merits should always be tempered with exercise of whatever power a court possesses to grant an opportunity to rectify mistakes. Rarely, if ever, will it constitute an injustice to an opposing party to refuse to dismiss or affirm on a technicality of procedure without first giving an appellant's attorney an opportunity to bring his brief and the trial court's record up to the standard we consider essential to our consideration of the appeal.

For the reasons stated I dissent from the *Per Curiam* opinion and from the affirmance on appellee's motion. I would overrule the motion.

Sullivan, J., concurs.

NOTE.—Reported in 256 N. E. 2d 692.