THONERT *v.* DAENELL.

[No. 770A119. Filed November 25, 1970. No petition for rehearing filed.]

*James P. Dunn,* of Fort Wayne, for appellants.

*David C. Peebles, Peters & Peebles,* of Fort Wayne, for appellees.

PER CURIAM.—This matter is before us on the appellees' Motion to Dismiss or Affirm. Appellees allege in their motion various defects in the transcript of the record and in the appellants' brief. The critical alleged defect concerning the transcript is that it does not contain a certified copy of the motion to correct errors nor of any other papers, for the reason that the clerk's certificates are without a seal.

We have examined the clerk's certificate and find it does not bear the seal of the Court. It is a fundamental principle

that it is the certificate of the clerk which gives verity to the transcript and, consequently, the form of the certificate is of utmost importance. It has long been held that no question is presented on appeal if the clerk's certificate does not bear the seal of the Court, even though the certificate is signed by the clerk. Without the seal, the transcript is ineffective for any purpose. *Wiltrout, Indiana Practice*, Vol. 3, § 2343 (2), and cases cited. 2 I.L.E. *Appeals*, § 315, and cases cited.

It is the duty of the attorney to examine the certificate of the clerk, as well as the transcript the clerk has prepared, to make certain that the certificate is in correct form and properly executed, and that all matters requested in the praecipe are contained in the transcript.

Other alleged defects in the transcript are that the marginal notes are handwritten and illegible, the lines of each page are not numbered, the name of the Appellate Court of Indiana is not correctly stated in the caption, the name of the trial court is not correctly stated, the names of the trial judge and counsel for appellees are misstated, and the paper upon which the transcript is prepared is not of the size required by the rule. While none of these defects alone is sufficient to warrant dismissal of the appeal or affirmance of the trial court's judgment, nonetheless, the total work product does not evidence careful attention to, or compliance with the rules, or even a good faith effort to comply.

We further note that the transcript fails to comply with the provisions of Appellate Rule 7.2 in that the motion to correct errors is not separately certified, and it does not appear at the beginning of the transcript. While we do not read Appellate Rule 7.2 (A) (2) to require each paper filed in the trial court to be separately certified, we do read Appellate Rule 7.2 (A) (1) and (A) (1) (a) to require that the motion to correct errors must be separately certified. The balance of the record may be certified by one

certificate of the clerk at the end of the record, as was done under our former practice. While the language of the rule is not clear as to its requirements, we believe this interpretation is reasonable and workable.

Since a certified copy of the motion to correct errors now takes the place in the transcript of the assignment of errors under the former practice, we are of the opinion that the certified copy of the motion to correct errors should appear in the transcript immediately following the table of contents. This opinion is supported by the fact that in Rule 7.2 (A) (1), the first item enumerated is a certified copy of the motion to correct errors. As a practical matter, it is an aid to the Court to have the motion to correct errors positioned in the front of the transcript in order to be readily available for reference without having to search for it in the body of the transcript. The motion to correct errors need not be included a second time in the transcript after the judgment entry.

Turning now to a consideration of the appellants' brief, we note at once that it was not prepared in a neat and workmanlike manner. The first page of the brief alone contains 32 instances of misspellings, strike-overs and mistakes in grammar. The next page contains 15 such mistakes. The next page, 19, and so on through the remainder of the brief, rendering the brief exceedingly difficult to read.

The appellants' brief fails to set forth in the statement of the case any of the record. The Complaint, or even a summary thereof, is not set out, so that we cannot determine from the brief alone, the nature of the action in the trial court. No part of the motion for summary judgment nor any of the affidavits have been set out, or summarized. The judgment is not set out verbatim.

The brief fails to comply with Appellate Rule 8.3 (A) (7) in that each error in the motion to correct errors that the appel-

lants intend to raise are not set out specifically and followed by the argument applicable thereto. The brief fails to comply with Appellate Rule 8.3(A)(8) in that it does not contain any conclusion stating the relief sought.

In short, the brief fails to present any question for determination by this Court.

It has long been the rule that the appellant's brief should be prepared so that each Judge, considering the brief alone and independent of the transcript, can intelligently consider each question presented. *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306; *Pennsylvania R. Co.* v. *Mink* (1966), 138 Ind. App. 311, 212 N. E. 2d 784; *Vanderkooi* v. *Echelbarger* (1968), 250 Ind. 175, 235 N. E. 2d 165. The appellant's brief must be prepared so that all questions can be determined by the Court from an examination of the brief alone without having to examine the record, because there is only one transcript to be shared among all the Judges. *Long* v. *Woollenweber* (1964), 136 Ind. App. 69, 197 N. E. 2d 652; *Livingston* v. *Livingston* (1961), 132 Ind. App. 572, 178 N. E. 2d 466.

Where the appellant does not comply with, or at least make a substantial compliance with the requirements of the Rules in the preparation of the appellant's brief, the penalty is the affirming of the finding or decision sought to be appealed. *Public Service Commission of Indiana, et al* v. *Indiana Bell Telephone Company* (1953), 232 Ind. 332, 108 N. E. 2d 889, 112 N. E. 2d 751; *Simpson* v. *Review Board of Indiana Employment Sec. Div.* (1967), 141 Ind. App. 467, 229 N. E. 2d 740; *Pope* v. *Huffman* (1967), 141 Ind. App. 455, 228 N. E. 2d 886; *Yuhas* v. *Review Board of Indiana Employment Sec. Div.* (1969), 145 Ind. App. 625, 252 N. E. 2d 254. While these cases were decided under the former rules of practice, we believe they are equally applicable under the new rules.

We recognize that one of the results of the new rules of procedure was to abolish some of the more obscure techni-

calities heretofore required to be observed in the preparation of transcripts and briefs. We do not believe, however, that the spirit of the new rules requires us to dispense with all requirements of adherence to the rules. Indeed, the Supreme Court of Indiana in several recent cases has taken occasion to reprimand lawyers for careless practices, to recognize that liberality in construing the rules of practice is not the equivalent of a license to ignore plain and concise rules of practice, and to warn that procedural defects in future appeals will not be dealt with so leniently. *Mc-Dougall* v. *State* (1970), 254 Ind. 62, 257 N. E. 2d 674; *Lipps* v. *State* (1970), 254 Ind. 141, 258 N. E. 2d 622; *Cammack* v. *State* (1970), 254 Ind. 637, 261 N. E. 2d 862, 22 Ind. Dec. 628.

It is true that we prefer to decide cases on the merits whenever possible. However, we will not search the record nor do the work of appellant's counsel in order to reverse. Where, as in this instance, the transcript and briefs are so defective as to present no question for review, the judgment will be affirmed.

Judgment affirmed.

NOTE.—Reported in 263 N. E. 2d 749.