## Loomis and Another *v.* Donovan.

*P.* gave a mortgage to *D.* upon real estate, to secure the payment of $100, on or before *November* 15, 1859, and $140, on or before *August* 19, 1860, the purchase money of the mortgaged premises. No note, bond or other instrument was made by *P.* for the payment of said sums. On *July* 27, 1860, *P., D.* and *L.* made a verbal agreement, by which *L.* was to purchase the mortgaged premises, subject to the mortgage, assume the payment of the mortgage debt, and pay *D.* $50, on demand. *D.* agreed, on his part, to extend the payment of the balance of the mortgage debt, until *July* 1, 1861. In accordance with this agreement, *L.* purchased the mortgaged premises, and paid *D.* the $50. Before the expiration of the time agreed upon, *D.* brought a suit for the foreclosure of the mortgage against *P.* and *L.* *L.* answered, setting up the foregoing facts.

*Held*, that the agreement was valid and binding, and suspended *D.'s* right to foreclose until the expiration of the time to which payment was agreed to be extended.

*Held*, also, that a suit to foreclose is an appeal to the equity powers of the Court; that the suit in this case was brought in bad faith, in fraud of the rights of *L.*, and that upon the defense set up being established, it should have been dismissed without prejudice.

*Monday,
December 2.*

APPEAL from the *Cass* Common Pleas.

PERKINS, J.—Suit to foreclose a mortgage, which was the sole written evidence of the debt, no note or bond having accompanied the mortgage. The suit is against *W. A. Parry* and *C. C. Loomis*. The mortgage was given by

*Parry* to *Donovan*. After it became due, *Donovan* agreed by parol with *Parry* and *Loomis*, all three being together, that if *Parry* would sell, and *Loomis* would purchase *Parry's* equity of redemption in the mortgaged premises, assume *Parry's* mortgage debt, and pay $50 down upon it, he would extend the time of payment of the balance, and the foreclosure, until *July* 1, 1861. The agreement was concluded between the three. *Loomis* made the purchase of the equity of redemption, assumed *Parry's* mortgage debt, and paid $50 upon it.

*Donovan* did not delay the foreclosure suit till *July* 1, 1861, and *Loomis*, one of the defendants, sets up the foregoing facts in answer to the action. The Court below held them no bar, and gave judgment of foreclosure and sale. Was the ruling of the Court right? This is the only question.

The point is this. A creditor who holds a sealed obligation for the debt, past due, agrees with the debtor, by parol, for a valuable consideration, viz., that he procure a third person to perform an act, that he will extend the time of payment; and he agrees, in like manner, with such third person, that, if he will do the proposed act, time shall be given on the debt, as to him. Here, then, is an agreement by parol, with an existing, and substantially a new debtor, for a consideration which is executed, at least in part, to give time, as against both of them, on an existing bond debt, till a given day, and the question is, will a Court of equity give effect to it? It does not involve the question of discharging sureties; but of how far the debtor and a new surety can have the benefit of an agreement for time. See, as to giving time where sureties are concerned, *Halstead* v. *Brown*, post, p. 202; and where they are not, *Mendenhall* v. *Lenwell*, 5 Blackf. 125.

It is settled law, that giving time to the principal by a binding contract, though made after breach, discharges the surety. Why? Because it is said that the surety has two rights; under the contract as originally made, at common law, viz., to pay off the debt as soon as it becomes due, or at any time afterward, and then immediately sue the principal to recover back his money; or, to apply to chancery

for the collection of the debt by the creditor, in which suit the creditor and principal debtor are brought before the Court immediately; and that a valid contract by the creditor, extending the time of payment to the principal, ties up the hands of the former, so that he can not enforce payment of the contract when thus brought into chancery, and that the surety can not enforce it, and, hence, is injured by the act of giving time. Leading Cases in Equity, Vol. 2, Part 2, p. 362, side p. 716. It is thus evident, that equity will not enforce a contract upon which time has been validly given, till the extended time has elapsed. And this doctrine of discharging sureties because of the extension of time to the principal, in a contract which forbids its enforcement within such time, was of chancery origin, (*Dickerson* v. *The Board*, &c., 6 Ind. 128) and belonged intrinsically to equity. 1 Eden on Injunctions, 3d ed. p. 65. And it made no difference, that time was given by parol upon a contract under seal. Leading Cases in Equity, Vol. 2, Part 2, top p. 369; Burge on Suretyship, p. 212. Later, the doctrine was applied at law to the extent of releasing the sureties, but not to the extent of suspending the action at law against the principal, where the new contract was made after breach of the original. *Dickerson* v. *The Board*, &c., *supra*. But see *McComb* v. *Kittridge*, 14 O. Rep. 348. And see *Rigsbee* v. *Bowler*, *ante*, p. 167. Perhaps equity would grant an injunction to restrain the action at law against the principal, till the extended time had elapsed. Burge on Suretyship, p. 206. "This doctrine, (says the Supreme Court of *Vermont*,) which is derived from chancery, is founded on the obligation which the contract for delay imposes upon the conscience of the creditor to perform it." *Austin* v. *Dorwin*, 21 Vermont, 38. And such are the contracts which chancery was originally created to enforce; but chancery will never lend its aid to enforce a contract "in opposition to conscience or good faith." *Creath's Adm'r* v. *Sims*, 5 How. (U. S.) Rep. 192. It would be in opposition to conscience and good faith to enforce a contract in opposition to an agreement, for a valuable consideration, to give an extension of time.

A suit to foreclose is an appeal to the equity powers of the

Court. The present is a chancery suit. It is brought in bad faith, in fraud of the rights of *Loomis.* The plaintiff does not come into Court with clean hands. He has not done equity. His suit, upon the defense set up being established, should be dismissed without prejudice.

It is a general proposition of law, that parol evidence may be given to rebut an equity. See *Page* v. *Lashley,* 15 Ind. 152.

*Browne,* in his valuable work on the Statute of Frauds, says: "And while it is not accurate to say that the verbal agreement will be always admitted as a defense in those courts, (equity courts,) since that would be to relieve them from the binding power of the statute, it seems to be clear that they will not lend their aid to enforce and perfect a legal right, which the plaintiff sets up against his conscientious duty under a verbal contract interposed on the part of the defense." p. 133.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*E. Walker,* for the appellants.
*John Guthrie,* for the appellee.