MYERS ET UX. *v.* MCGOWEN ET UX.

[No. 20,211. Filed December 14, 1965.]

*Stevens & Wampler,* of Plymouth, *Brown & Brown* and *Jesse A. Brown,* of Rochester, *Ruckelshaus, Bobbitt & O'Connor* and *Arch N. Bobbitt,* of Indianapolis, for appellants.

*Byron C. Kennedy* and *Herbert H. Bent,* of Warsaw, and *Albert B. Chipman,* and *Chipman & Chipman,* of Plymouth, for appellees.

PRIME, C. J.—Before proceeding to the merits of the case at bar, we must rule upon Appellant's Motion to Reverse Judgment. Appellants have based their motion upon the fact that appellee failed to file an answer brief within the time required by Rule 2-15 of the Supreme Court of Indiana. An examination of entry dates reveals that while appellee did file a brief it was sufficiently late so as to constitute a violation of Rule 2-15, and we are therefore prevented from considering it in our decision of this case.

The above notwithstanding, we must nevertheless overrule the appellant's motion to reverse judgment since said motion, in addition to asking that this court disregard the appellee's answer brief, further states that appellant's brief presents a prima facie case for reversal. With this latter contention we cannot agree.

In 1946, appellants offered their son and his financée, the appellee here, a plot of ground from appellant's one hundred acre farm for a homesite. The plot given was bordered on the north side, or so the parties thought, by a fence which had stood prior to the time at which appellants had acquired the farm. The appellants' son and appellee, then his wife, built a home on said property, and sometime in 1948 moved into and occupied said home. In 1950, appellants deeded the land to their son and the appellee, and shortly thereafter the son built a barn upon this land some twenty feet south of the north fence. At some time after the erection of the barn and prior to 1956, the barn burned down and was subsequently rebuilt.

In 1956, the appellants' son and appellee were divorced and the appellee received the land in the property settlement. Several years after the divorce, the appellants caused a survey to be made and it was discovered that the north edge of the property owned by appellee extended only to 32 feet south of the above mentioned fence, rather than to the fence as the parties had assumed. It was further discovered that the barn of the appellee extended north of the true boundary line

some 12 feet, and was actually built partly upon ground still owned by appellants.

Appellants brought this action below to enjoin appellee from using the land between the boundary line and fence; for a mandatory injunction for the removal of encroaching improvements; and for damages. Appellees, the former daughter-in-law of appellants and her present husband, filed an answer with affirmative paragraphs alleging estoppel and asking for a reformation of the deed due to mutual mistake.

The court below, sitting without jury, entered a finding in favor of the appellees on their answer and against the appellants on their complaint.

Appellants subsequently filed a motion for new trial, the overruling of which is the basis for this appeal. The errors assigned in said motion were that: (1) The decision of the court is not sustained by sufficient evidence, and (2) the decision is contrary to law. In their brief, appellants contend that the decision is contrary to law because of the lack of substantial evidence and have grouped both alleged errors into a single argument.

Appellants, in point two of the argument portion of their brief, claim that appellees have failed to prove any of the elements of estoppel.

Upon examining the record to find the evidence most favorable to the appellee, we find that appellant testified that from his own home he was able to observe daily his son and daughter-in-law in the process of building the barn upon the strip of ground in question. In addition, there is testimony to support the belief that appellant assisted in laying out the location and even the actual building of the barn. It further appears that appellant at no time after the son and his wife occupied the twenty acre plot used any of the land south of the fence which the parties regarded as the boundary line and at all times treated it as land which was included in the conveyance. We cite as con-

trolling, the words of the court in *Bahar et al.* v. *Tadros etc. et al.* (1953), 123 Ind. App. 570, 583, 112 N. E. 2d 754:

> "It is said to be a very familiar rule of the law of estoppel that if the owner of an estate stands by and sees another erect improvements on the estate in the belief that he has a right to do so and does not interpose to prevent the work, he will not be permitted to claim such improvements after they are erected."

And further the rule as reiterated in *Adams* v. *Betz* (1906), 167 Ind. 161, 170, 78 N. E. 649:

> "The general rule recognized by the authorities is that a boundary line located under such circumstances, in the absence of fraud, becomes binding on the owners establishing it; not on the principle that the title to the lands can be passed by parol, but for the reason that such owners have agreed permanently upon the limits of their respective premises, and have acted in respect to such line, and have been controlled thereby, and, therefore, will not thereafter be permitted to repudiate their acts."

We do not hold that the parties herein made an express agreement as to the boundary line, but it is our opinion that the numerous acts by all parties over a period of years were sufficient to so establish an agreement to bring it well within the rule of *Adams* v. *Betz, supra.*

The word "agreement" is a coming together of parties in an opinion or determination, the union of two or more minds in a thing done or to be done, a mutual assent to do a thing, but the assent need not be formally made; it may be inferred from the party's acts. *Smith* v. *Jones* (1937), 194 S. E. 556, 185 Ga. 236.

Appellants next complain, in point three of their brief, that appellees have failed to establish the necessary elements of mutual mistake required to allow a reformation of the deed. In our opinion the record discloses clear and satisfactory evidence upon which the trial court could have found all the required elements. Appellants point out with particularity their contention that a voluntary

conveyance will not be reformed upon the application of the grantee. We agree that this is a true statement of the law, however, the record indicates that the appellees paid the consideration of one dollar, in addition to assuming a pre-existing debt in excess of three thousand dollars. It is an accepted rule of law in this state that the consideration of one dollar is sufficient to support reformation of a deed. *Mason et al.* v. *Moulden et ux.* (1877), 58 Ind. 1.

Appellants' points one and four present no question for this court and are in violation of Supreme Court Rule 2-17 (e) inasmuch as they are mere abstract statements of law citing no authorities showing their legal effect, as required by the said rule.

It is our opinion, therefore, that appellant brought forth no prima facie showing of error sufficient to demand a reversal of the trial court's judgment.

Judgment affirmed.

Carson, Faulconer and Wickens, JJ., concur.

NOTE.—Reported in 212 N. E. 2d 411.