## POPE v. HUFFMAN.

[No. 20,640. Filed August 25, 1967. No petition for rehearing filed.]

*Robert H. Duffy,* of Terre Haute, for appellant.

*Taylor & Taylor, George E. Talyor* and *John S. Brumfield,* all of Sullivan, for appellee.

BIERLY, J.—This is an action brought in the Sullivan Circuit Court by the plaintiff-appellee, Alma Huffman, against defendants, Edgar C. Pope, Denman C. Pope, City of Sullivan and Mary Walters, Treasurer of Sullivan County, to seek a judgment on a promissory note executed by the defendants, Edgar C. Pope and Denman C. Pope, and for foreclosure of plaintiff's mortgage on real estate and personal property, and for the appointment of a Receiver to operate the premises known as Pope Motor Court.

Defendant, Denman C. Pope, filed an answer to plaintiff's complaint therein admitting the execution of the note and mortgage, but denying the allegations of default, or that the property was in poor condition, or that he was delinquent relative to insurance on the property.

Following a motion by defendant, Denman C. Pope, for a change of venue from the regular Judge of the Sullivan Circuit Court, the Honorable Lester Nixon was selected as Special Judge to hear said cause.

Plaintiff's prayer for appointment of a Receiver, filed August 10, 1965, was denied by an order of court entered August 16, 1965.

The issues were whether the conditions of the mortgage had been breached, and if so, what the penalty should be. Trial was to the Court without the intervention of a jury.

The findings of the Court were:

"1. Defendant breached provisions of the mortgage by:
   a. Failing to pay the mortgage installment due May, 1965.
   b. Failing to pay sewer tax assessments.
   c. Failing to pay spring real and personal taxes due in May 1965.
   d. Allowing insurance to lapse.
"2. Defendant paid all of the delinquencies after suit and before trial and kept the property insured but didn't deliver a policy copy to plaintiff."

Judgment was entered for plaintiff-appellee against the defendants, Edgar C. Pope and Denman C. Pope, for $28,426.-72, together with interest at 8% per annum from May 24, 1965, in the sum of $1,692.97, and attorney fees in an amount of $1,500.00 with costs. The Court further decreed that the mortgage held by plaintiff was a first mortgage on the property covered by it, and that said mortgage be foreclosed. The Court ordered that money paid on arrearages by defendant, Denman C. Pope, to the Clerk, should be returned to him.

Defendant filed a motion for a new trial alleging that the decision of the Court was not sustained by sufficient evidence and was contrary to law. This motion was overruled and said act constitutes appellant's sole assignment of error.

In the argument portion of his brief, appellant limits his discussion of the nature of the action, and the only citation of authority given in his argument was when he states:

"A mortgage foreclosure is an appeal to the equity jurisdiction of the Court. *Loomis* v. *Donovan,* 17 Ind. 198 (1861)."

This case is hardly in point and may be distinguished from the case at bar. In the Loomis case, *supra,* an agreement had been entered into, to a time certain, before a foreclosure would be filed. Appellee in that case brought an action in foreclosure prior to the extended time specified in the agreement, nevertheless the trial Court found for the appellee. The Supreme Court reversed and said, "The plaintiff does not come into court with clean hands."

We have no comparable situation in the case at bar.

With the exception of the case of *Loomis, supra,* appellant cites no authority in the argument portion of his brief but gave a short recital of the evidence.

We quote applicable portions from Rule 2-17, (e), (g), (h) and (i) of the Rules of the Supreme Court, as follows:

"(e)   It shall be unnecessary to set out the entire record or the bill of exceptions with the evidence in the brief in a separate section thereof. In lieu thereof, the appellant shall set forth a summary of the evidence and the record which he believes to be pertinent to the issues involved in the initial portion of the argument section of the brief, with specific reference to the line and page in the transcript where such evidence may be found or the pleadings or other paper may be found.

"(g)   The argument section of the brief shall be preceded by a brief summary of the argument without citation of authorities or statutes.

"(h)   The briefs shall contain under the heading "Argument" the matters required under paragraph (e) above

with reference to the record and evidence, and shall specify such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon-except the ruling on a motion for a new trial and after each cause for a new trial relied upon—there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented and how they are applicable, citing the authorities and statutes relied upon, and settling out verbatim the relevant parts of such statutes as are deemed to have an important bearing. . . .

"(i) Errors assigned and causes for a new trial not treated as herein directed, shall be deemed to be waived."

Appellant wholly failed to comply with Rule 2-17 (g) above quoted, in that no summary preceded the argument section of the brief. By the application of Rule 2-17 (h) and (i) appellant failed to even make a substantial compliance with the rules in the argument portion of his brief, and hence this Court has no alternative but to treat any alleged error as having been waived by the appellant.

Appellee in her answer brief clearly and forcefully pointed out the impediments in appellant's brief in failing to comply with said Rule 2-17 (h).

Following the filing of appellee's answer brief which noted the insufficiency of appellant's argument portion of his brief, appellant neither filed a petition to amend his brief, nor did he challenge appellee's answer brief by filing a Reply Brief which appellant was privileged to do.

This Court is loath to dismiss an appeal for violation of Supreme Court Rules unless such violation or violations are of such proportion that a failure to support the Rules would not only render an injustice to an adversary, but apparently would nullify such rule or rules which this Court is not privileged to do.

But the reluctance of this Court to enforce this rule in the case at bar is somewhat mitigated by an examination of the record and the briefs filed herein and from which this Court

could conclude that the cause should be affirmed on consideration of the merits.

Appellant having failed to substantially comply with Rule 2-17 (g), (h) and (i) of the Supreme Court, this Court now affirms the judgment of the trial court.

Judgment affirmed.

Pfaff, C. J., concurs.

Cook, Smith, JJ., concur.

NOTE.—Reported in 228 N. E. 2d 886.