YUHAS *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 669A99. Filed November 12, 1969. No petition for rehearing filed.]

*Richard D. Doyle,* of South Bend, for appellant.

*Kenneth H. Raatz,* South Bend, *Theodore L. Sendak,* Attorney General, *William S. McMaster,* Deputy Attorney General, for appellees.

COOPER, J.—This matter comes to us for a judicial review of a decision of the Review Board of the Indiana Employment Security Division in which the Board entered a negative finding against the appellant herein.

Upon an examination of the appellant's brief, it is readily apparent that the appellant has not made a good faith effort

to comply with the requirements of Rule 2-17 of the Rules of the Supreme Court of Indiana in the preparation of his brief.

The appellant's brief is defective in each of the following particulars:

(1) The appellant has failed to set out in the brief the finding and decision of the Review Board. Rule 2-17 (d) requires that the appellant set forth the judgment, decree or order from which the appeal is taken.

(2) The appellant has failed to set forth a summary of the evidence and the record pertinent to the issues involved, as required by Rule 2-17 (e). He has set forth nothing concerning any of the pleadings.

The brief sets out only a single short paragraph of summary of the evidence, which is insufficient for a full understanding of the question to be decided. The brief makes reference to claimant's Exhibit 3, which is a booklet or pamphlet entitled "Plant Rules and Practices," but it fails to set out those particular rules which the appellant wishes us to consider.

(3) The appellant has failed to precede the argument portion of his brief with a brief summary of his argument as required by Rule 2-17 (g).

(4) The appellant has failed to comply with the provisions of Rule 2-17 (h) in that the argument portion of the brief fails to make a concise statement of the basis of his objection to the ruling of the Review Board supported by the authorities and statutes relied upon.

The appellant's assignment of errors is that the decision of the Review Board is contrary to law. The argument in support of that contention consists of abstract and unsupported conclusions. Appellant has failed to present any cogent argument with the citation of authorities in support thereof. Contentions of error must be supported by both reason and authority. *Kampo Transit, Inc.* v.

*Powers* (1965), 138 Ind. App. 141; *Pope* v. *Huffman* (1967), 141 Ind. App. 455, 228 N. E. 2d 886; *Gilson* v. *City of Anderson* (1967), 141 Ind. App. 180, 226 N. E. 2d 921; *Monarch Buick Co.* v. *Kennedy* (1965), 138 Ind. App. 1, 209 N. E. 2d 922.

Abstract statements of law, even though supported by authority present no question where it is not shown how they are applicable to the assigned errors. *Myers* v. *McGowen* (1965), 138 Ind. App. 163, 212 N. E. 2d 411; *Nye* v. *Kamm* (1965), 139 Ind. App. 687, 212 N. E. 2d 397; *Miller* v. *Deming Hotel* (1966), 139 Ind. App. 393, 213 N. E. 2d 809.

The brief further fails to comply with Rule 2-17 (h) in the matter of case citations. It is interesting to note that the appellant has cited only three cases in his entire brief in support of his argument. In each instance the appellant has failed to give the year of final disposition of the case cited, as required by sub-section (h) of the rule.

The brief further fails to comply with Rule 2-10A which requires that counsel's telephone number must appear on the brief.

The appellant's brief should be prepared so that each judge, considering the brief alone and independent of the transcript can intelligently consider each question presented. *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306; *Pennsylvania R. Co.* v. *Mink* (1966), 138 Ind. App. 311, 212 N. E. 2d 784; *Vanderkooi* v. *Echelbarger* (1968), 250 Ind. 175, 235 N. E. 2d 165. Appellant's brief must be prepared so that all questions can be determined by the court from an examination of the brief without having to examine the record, since there is only one transcript to be shared among all the judges. *Long* v. *Wollenweber* (1964), 136 Ind. App. 69, 197 N. E. 2d 652; *Livingston* v. *Livingston* (1961), 132 Ind. App. 572, 178 N. E. 2d 466.

The rules of the Supreme Court of this state have the force

and effect of law and are binding upon the litigants and this court alike. *James C. Curtis & Co.* v. *Emmerling et al.* (1941), 218 Ind. 172, 31 N. E. 2d 57.

Where, as in this case, the appellant does not comply with, or at least make substantial compliance with the requirements of Rule 2-17 in the preparation of his brief, the penalty is an affirmance of the finding or decision. *Public Service Commission of Indiana et al.* v. *Indiana Bell Telephone Company* (1953), 232 Ind. 332, 108 N. E. 2d 887; *Simpson* v. *Review Board of Indiana Employment Sec. Division* (1967), 141 Ind. App. 467, 229 N. E. 2d 740; *Pope* v. *Huffman* (1967), 141 Ind. App. 455, 228 N. E. 2d 886.

For the reasons above stated, the finding and decision of the Review Board of the Indiana Employment Security Division is in all things affirmed. Costs vs. Appellant.

Carson, J., Lowdermilk, P.J., and Sullivan, J., concur.

NOTE.—Reported in 252 N. E. 2d 254.